### HOWE v. BRUNDAGE, sheriff, etc., appellant.

*Evidence — declarations of party when competent.    Trial — talesmen in action when sheriff is party.*

In an action against a sheriff for levying upon some horses which plaintiff claimed to have purchased from the judgment debtor, evidence was offered showing that the debtor and plaintiff, about the time of the purchase, had visited the stable where the horses were kept, and had told the stable man to thereafter charge the horse's keeping to plaintiff, the judgment debtor paying the amount then due. *Held,* admissible, notwithstanding defendant was not present at the transaction.

A sheriff has no right to summon talesmen to try an action to which he is a party.

APPEAL from a judgment in favor of the plaintiff entered upon the verdict of a jury for $576.41 damages, and $152.22 costs.

The action was brought by plaintiff to recover of defendant, as sheriff of Westchester county, the value of a pair of horses and other articles of inconsiderable value, alleged by the plaintiff to belong to him, which the defendant had levied upon as the property of one Lawrence W. Myers, under executions issued against the property of said Myers.

Previous to the 1st day of March, 1871, the property in question had belonged to said Myers.   About that time he sold it to plaintiff.   The question litigated was the good faith of the sale.

Among the evidence introduced by plaintiff were certain transactions at the stable where Myers kept the horses.   Just after the sale Myers and plaintiff visited the stable.   Myers paid what was then due for keeping the horses, and the stable man was told to thereafter charge the keeping to plaintiff.   The account was thereafter charged to and the bills were paid by plaintiff.   This evidence was objected to by defendant but was admitted by the court.

At the trial certain talesmen summoned by the sheriff were offered as jurors.   Plaintiff objected to the talesmen sitting on the jury, and they were excluded, the court holding that it was not proper for the defendant to summon talesmen to try his own cause; to all which defendant excepted, and the panel was made up of jurors regularly summoned.

*Marshall & Verplank,* for appellant.

*Close & Robertson,* for respondent.

BARNARD, P. J. The jury have settled the question of fact between the parties, as to the ownership of the property levied on by the defendant as sheriff, and for the conversion of which this action is brought. They have found that it belonged to plaintiff and not to Myers, against whom the execution was issued. Their finding is not so unsupported by evidence, as under the rule in such cases, will justify an appellate court in setting aside the verdict.

The exception taken upon the trial to the declaration of plaintiff and Myers, in the absence of defendant, was not well taken. The object of the proof objected to was to show an actual change of the possession of the property sold by Myers to plaintiff. The payments to the stable-keeper were made by Myers up to the time of the alleged sale and delivery, and he was told by both parties to the sale to charge the future expenses upon the horses to plaintiff. Declarations explanatory of an act done are always admissible as part of the *res gestæ.*

The exception taken to the decision of the judge as to the talesmen summoned by the defendant or sheriff is not accompanied by any statement showing upon what precise point the objection rests. Were there any such talesmen on the jury? The case is silent, except so far as to state that an objection was made to such talesmen, and they were thereupon rejected. How were the talesmen summoned? by drawing them from the county box, or at the will of the sheriff? Were the talesmen summoned for this case, or for the court generally? The case is silent as to these facts. If we are to assume facts, it will be that the jury were drawn in accordance with law, and for this case only. In such a case we are satisfied that the sheriff had no right to summon talesmen at his own will and selection. *Woods* v. *Rowan,* 5 Johns. 133.

*Judgment affirmed with costs.*