Cited in 94 Pa. 312.

# Peter Legaux, *quer.* in error, *against* Isaiah Wells.

In replevin by P. L. against I. W. the jury who tried the cause were returned by I. W.   The court on error cannot presume that the defendant and sheriff are the same person, unless it appears on the record.   But if it so appeared, and the plaintiff did not challenge the array, he comes too late to assign it for error.

THIS was a writ of error to the Common Pleas of Montgomery county.    General errors were assigned.

It appeared by the record that the suit was replevin.    The defendant, Wells, justified as the bailiff of William Richardson Atlee, Esq., the distress of the goods for rent in arrear.    The *plaintiff replied no rent was due ; and in November term *44 1801, the jury found a verdict for the defendant for 27l. 11s. 2d.

On the general *venire facias* the jury appeared to have been summoned and returned by Isaiah Wells, sheriff.    But whether he was the defendant or not, did not appear by any part of the record.

The argument commenced at the last term, and was again resumed this term.

Messrs. T. Ross and Frazier for the defendant.    How will the court be satisfied, that the defendant and the sheriff are the same person ?    It can only be collected from the record.    It is sufficient for us to deny the fact.    It lies on our adversary, who makes the exception to verify it, or he must fail.

But if the sheriff was really the party, the array ought to have been challenged by the plaintiff in error before the jury were sworn.    Hob. 235.    Bull. 307.    One shall never have error of such thing, of which he might have advantage by plea, if it does not appear by the record.    10 Vin. 2, pl. 1.    If the sheriff is the brother of the party the challenge must be made at the

time, or error lies not; (Ib. pl. 2) or if no hundredor was on the panel. Ib. pl. 3. So if the bailiff returns the whole panel, where the sheriff ought to have returned part. Ib. pl. 4. If one loses in a court of ancient demesne he cannot assign for error that it was frank fee because he affirmed the jurisdiction. Ib. pl. 5. If an alien recovers the defendant cannot assign it for error, if he did not take the exception in the first action. Ib. pl. 6. No one shall assign for error what might have been pleaded in abatement. Carth. 124. The advantage must be taken at the proper time. Cro. El. 582. 1 Rol. Ab. 781. Ab. pl. 1, 2, 3, 4. Whoever does not object at the time shall be supposed to acquiesce. 3 Burr. 1858. And in all such cases the consent takes away error. 10 Vin. 11, pl. 1, 2, 3. Where the prosecutor in a criminal case, summoned the jury as sheriff, it was determined that the exception should have been taken at the time by way of challenge, and that it could not be moved afterwards in arrest of judgment. Conrad Sheppard's case. Leach's Crown Law 105. It is presumed that authority establishes the doctrine we contend for. And the court there were bound to take notice that the sheriff was the prosecutor. But it is not so here; for the court can know the fact judicially only from the record. The court will intend nothing against the verdict. 3 Burr. 1728.

Mr. Ingersoll for the plaintiff in error. The court are asked to distinguish between Isaiah Wells, the defendant, and Isaiah Wells, the sheriff. The presumption is that they are the same *person, unless the contrary be shown, or that there are really two men of that name in Montgomery county. The [*45 *venire* being general, it could not appear by the record conclusively, by any words of reference, that they are but one person.

Here, then, one of the parties is the returning officer, from whom we are to expect an impartial jury. Every principle of justice is abhorrent to it.

The case in 3 Burr. 1858, proves nothing. The party made the objection and it appeared on the record. Where the exception appears on the record it may be taken advantage of afterwards, as appears from the cases cited from 1 Rol. Abr. 781–2, and 10 Vin. 2, which are taken from 3 Ib. 4. 6. b. The defendant's doctrine goes too far; it sweeps off almost every matter which may be urged for error.

In replevin the defendant is an actor as well as the plaintiff, and may take out the *venire facias*. The jury must be returned by the proper officer and it must be entered *ex assensu partium*. Co. Lit. 125 a. b. 2 Danv. Ab. 75. pl. 14, 83. pl. 5. If there be a *venire* from the wrong county, though no advantage be taken at the time, it is still fatal. 6 Co. 14. A *venire facias* awarded improperly in an inferior court is erroneous. They have no power to alter the forms of writs. 10 Vin. 69, pl. 4, 5, 5. T. Raym. 417.

SHIPPEN, C. J., declined giving any opinion, as he had not heard the first argument.

YEATES, J.   The general rule of law unquestionably is, that none of the parties to the suit should return the jury.   Here it is assumed by the plaintiff in error that Isaiah Wells, the sheriff, who summoned and returned the jury, was the Isaiah Wells, the defendant, who, as bailiff of William Richardson Atlee, distrained the goods of the plaintiff Legaux for rent.   That point does not judicially appear to us, nor can we infer it from the record.   But admitting the fact, after the plaintiff has let slip the opportunity of challenging the array, shall he now be admitted to assign the fact for error, of which he neglected to take advantage in due time?

The objection in the present instance is merely technical, Mr. Atlee being the real defendant.   The plaintiff has taken his chance of the verdict.   He could not but know who was the sheriff of the county wherein he lived, and he had an opportunity of taking advantage of this matter according to the reasoning of the court, in the case of the company of mercers and ironmongers of Chester *v.* Bowker, 1 Stra. 70.   Com. Rep. 248. And it is no cause to grant a new trial that one of the jurors *46] *was related to one of the parties, according to 1 Vent. 30.   Sty. 100. 129.   12 Mod. 584, unless the opposite party had not timely notice of it.   7 Mod. 54.   11 Mod. 114. 2 Salk. 645; although I confess in Comy. 602, a new trial was granted, though the cause of challenge was known at the trial.

So an objection, that witnesses are interested, should be made at the trial, and if discovered afterwards, is not itself a ground for granting a new trial, though it will have its weight where the party has merits.   2 T. R. 717.   And a new trial will not be granted, for matter omitted to be insisted on at the former trial.   10 Mod. 202.   1 Stra. 691.   1 T. R. 84, 85.   2 T. R. 120.   These cases have, in my idea, a very considerable analogy to the present; and the authorities cited by the defendant's counsel, from 10 Vin. 2 pl. 1. to pl. 6, and Leach's Crown Law 105, strongly evince the propriety of affirming the judgment.

Upon the whole, I cannot see any good grounds on which we can reverse the judgment, under the circumstances of the case.

SMITH, J.   Sheppard's case in Leach 105, is strong in point. In Hesketh *v.* Braddock, 3 Burr. 1858, Lord MANSFIELD observes, in the case of Bodwick *v.* Fennel, it was stated at the bar, "that no acceptance or challenge was taken."   And as a party, may waive all exceptions, if he pleases; if he does not object, it is a virtual acquiescence.

Should it be objected, that it may be averred, that the defendant and sheriff are the same person, I answer that the cause of challenge then appears on the record; and it being then omitted, it is now too late, after taking the chance of having a verdict, for the plaintiff to avail himself of it in error.   But

[Shewel *v.* Fell.]

it does not appear on the record that the avowant is the same person as the sheriff who returned the jury. Presumption in such a case is not admissible. In error the court can presume nothing; they must be guided entirely by what appears on the record.

BRACKENRIDGE, J., concurred.

Judgment affirmed.