WOODS *against* ROWAN and COON.

THIS was an action of debt. The declaration was on a penal bond, given by the defendants to the plaintiff, as sheriff of the county of *Washington*, pursuant to the act relative to gaol liberties. The defendants pleaded a performance of the condition of the bond. The plaintiff replied an *escape*. The *venire* was made returnable at the city-hall, of the city of *Albany*, on the first *Monday* of *August*, 1809, and was served by the plaintiff himself, as sheriff. The cause was tried at the *Washington* circuit, in *June*, 1809, before Mr. Chief Justice *Kent*.

The defendant's counsel challenged the array.

1. Because the *venire* had been served by the plaintiff;

2. Because it was made returnable at the city-hall, instead of the *capitol* in *Albany*.

Both these objections were overruled by the chief justice. Other evidence was offered, and other objections were made, which it is unnecessary to state, as the opinion of the court was on the first point only.

The case was submitted to the court, without argument.

VAN NESS, J, delivered the opinion of the court. If the sheriff no longer possessed the power to select a jury, there certainly could be no objection to his summoning them, in cases where he is himself a party; but I apprehend that the reasons which formerly existed against it, still remain, though I confess their force is considerably diminished.

The reason given for not permitting the sheriff to summon a jury, in his own cause, is because he is not to be *trusted* to return the jury; (3 *Bl. Com.* 354.) and so scrupulous is the law on this subject, that it is a good reason for quashing the array, when made by a person,

*If a sheriff, who is a party in a cause, serves the venire, it is good ground of challenge to the array.*

or officer, of whose partiality there is any reasonable ground of suspicion. (3 *Bl. Com.* 59.) Under our act, the opportunity offered the sheriff of selecting the jury, is much more circumscribed than it was before ; but to a certain extent, he has still the power of choosing the triors of the cause; he has an advantage which the other party has not, and however remote, or unimportant that advantage may be, if it exists at all, the law does not allow him an opportunity of availing himself of it. It is for this reason, among others, that the sheriff is not competent to summon a jury in the great variety of cases mentioned by Lord *Coke.* (*Co. Litt.* 156. a.) It is true that the sheriff no longer selects the whole panel, and that it now is his duty to summon all such persons as shall have been previously balloted by the clerk ; and hence it is argued, that the challenge to the array in this case, was properly overruled. I cannot accede to this conclusion. The sheriff certainly may select such of them as he may suppose will best subserve his purpose, and by summoning *them*, and omitting to summon the rest, he may in many cases as effectually pack a jury, as if he had the power of selecting the whole panel. The impartial and equal administration of justice, renders it dangerous to trust the sheriff with such a power. It is no answer to this objection, to say, that it is not to be presumed the sheriff will prostitute his office to such purposes. It is because he *may* do it, that the law interposes ; and if he may, that is decisive of the question. I have taken some pains to ascertain, whether in *England*, it has ever been considered that it was not a good ground of challenge to the array, where the sheriff has summoned a *special* jury, he being a party, or otherwise disqualified. As far as my researches have extended, I do not discover that there is any distinction ; the rule appears to be universal ; and yet where a special jury is to try the cause, the sheriff has no more power of selecting the jury, than he has under

our statute. I am satisfied that it is safest to adhere to the rule as we find it settled; a rule wisely introduced for the purpose of guarding against partiality and corruption, in trials by jury. The court are of opinion, that the challenge to the array upon the trial, ought to have been allowed; and that there must therefore be a new trial with costs to abide the event of the suit.

New trial granted.