84  567
128  664

ROSINA GOLLOBITSCH, Appellant, v. G. S. RAINBOW,
Sheriff, Appellee.

1. **Practice:** INTERROGATORIES ATTACHED TO PLEADING: ANSWER.
Where interrogatories were attached to a pleading, as provided in
sections 2693 and 2694 of the Code, and addressed to the opposite
party, with an affidavit that the subject-matter of the interrogatories
was within the personal knowledge of the opposite party or his agent
or attorney, *held*, that the party propounding the interrogatories was
entitled to have them answered by the opposite party to whom they
were addressed, and that such right was not satisfied by answers by
the attorney of the opposite party, with an affidavit by the latter that
nearly all the information he possessed in regard to the case had been
acquired from such attorney, and asking that they be permitted to
stand as his answers, but not alleging that he believed the answers to
be true.

2. ———: IMPANELLING JURY: DISQUALIFICATION OF SHERIFF. Where
the sheriff of the county is a party to a cause, it is error to permit his
deputy, against the objection of the opposite party, to impanel the
jury.

3. ———: DEPOSITIONS: NOTICE: SERVICE. Neither is the sheriff nor
his deputy in such case competent to serve a notice of the issuance of
a commission to take a deposition in the cause.

4. **Fraudulent Conveyances:** HUSBAND AND WIFE: CONSPIRACY:
EVIDENCE. In an action involving the legality of a conveyance,
because of the alleged purpose of the parties to defraud a specified
creditor of the grantor, evidence of other transactions between the
same parties, tending to show a continuing conspiracy to such end,
though widely separated in time, is competent.

5. ———: ———: INSTRUCTIONS TO JURY. An instruction in such
case, that a wife "cannot acquire and hold property adverse to her
husband's creditors when it is made to appear that the claim of title
made by the wife was of property that formerly belonged to her
husband, and title assumed thereto after her husband had been insol-
vent or unable to pay his debts," is erroneous in that it ignores the
right of the wife to acquire title to property from her insolvent
husband by payment of its value in good faith, or to acquire from
him property exempt from execution without the payment of a con-
sideration

*Appeal from Shelby District Court.*—HON. GEORGE
CARSON, Judge.

FRIDAY, FEBRUARY 5, 1892.

THIS is an action to recover the possession of
specific personal property. The cause was tried to a
jury and resulted in a verdict and judgment in favor of
the defendant. The plaintiff appeals.—*Reversed.*

*Benj. I. Salinger,* for appellant.

*D. O. Stewart* and *Smith & Cullison,* for appellee.

ROBINSON, C. J.—The plaintiff claims to be the
absolute and unqualified owner of the property in con-
troversy, which includes colts, cows, calves, steers and
heifers of the alleged value of six hundred and
eighty-eight dollars. The defendant claims a right to
the property under an execution levied thereon by him,
which was issued on a judgment in favor of John Bell
& Co., and against John Gollobitsch, the husband of
plaintiff. The defendant claims that the property in
question belongs to the execution debtor, and that the
alleged ownership of the plaintiff is fraudulent. We
have not been favored with an argument for the
appellee.

I. The plaintiff filed a motion asking that John
Bell & Co. and E. Lindsey be made additional parties
defendant, and before it was ruled upon
by the court she filed a reply, to which was
attached interrogatories "to be answered
by the defendants or either of them."
She also filed an affidavit in which she alleged that the
subject-matter of the interrogatories was within "the
personal knowledge of the opposite party, or some of
them, or of their agents and attorneys, and that the
answers thereto, if truly made," would sustain her

1. PRACTICE: in-
terrogatories
attached to
pleading: an-
swer.

defense to the answer. Whether the reply was proper, and whether the interrogatories were of such a character as to require answers, are questions not before us for determination. The defendant, by way of answer, filed his affidavit alleging that he had acted in regard to the matters in controversy for E. Lindsey, and that Warren Gammon, attorney for Lindsey, had given him nearly all the information he possessed in regard to the case. He therefore filed answers to the interrogatories, made and verified by Gammon, and asked that they be permitted to stand as his answers. The interrogatories appear to have been filed with the expectation that the motion to make other persons parties defendant would be sustained, but it was overruled, and the interrogatories should be treated as requiring answers from the defendant. They were not addressed to the attorney for the judgment creditor, and he was not authorized to answer them, although the form of the affidavit attached to them by the plaintiff gives some ground for claiming that she desired answers from the attorney, if he had greater knowledge of the facts called for than did the defendant. But the statute requires that the interrogatories be answered by a party to the action, and not by his attorney; and the answers, when given, are to be treated as a deposition. Code, secs. 2693, 2694. The party answering must distinguish between what is stated from his personal knowledge and what is stated merely from information and belief. Code, sec. 2697. When the party to whom the interrogatories are addressed is a corporation, the answers must necessarily be given by a duly authorized officer or representative; but the same rule does not apply to such a case as this, where the party is in court, and competent to speak for himself. The party filing the interrogatories has a right to have them answered by the person to whom they are addressed. He might be entirely willing to have the answers of that person received as a deposition, but averse to having the

answers of other, and perhaps unknown, persons so treated. In this case the defendant in terms made the answers of Gammon his answers, and asked that they be permitted to stand in lieu of his answers; but he did not state that he believed them to be true, and therefore did not make them his own, within the meaning of the statute. See Code, sec. 2698. They should have been striken out on motion of the plaintiff.

II. The court permitted a deputy of the defendant to impanel the jury, although objection was duly made by the plaintiff. In this there was error.

2. ——: impaneling jury: disqualification of sheriff.

Section 350 of the Code is as follows: "In all proceedings in the courts of record, where it appears from the papers that the sheriff is a party to the action, or where in any action commenced or about to be commenced an affidavit is filed with the clerk of the court, * * * stating a partiality, prejudice, consanguinity or interest on the part of the sheriff, the clerk or court shall direct process to the coroner, whose duty it shall be to execute it in the same manner as if he were sheriff." This provision was construed in *Minott v. Vineyard*, 11 Iowa, 91, to disqualify the deputy of the sheriff to serve a writ issued against his principal, although the deputy was not a party to the case. It is true that the word "process," as generally used, is understood to mean a writ, warrant, subpœna or other formal writing issued by authority of law, but it also refers to the means of accomplishing an end, including judicial proceedings. The officer who obeys the mandate of the court to call into the box persons to act as jurors is enforcing process of the court, within the meaning of the statute, whether he summon members of the regular panel by means of a *venire*, or presents talesmen from the body of the county. That would be a most unreasonable construction which would deny the right of an officer to serve *mesne* process, but which would permit him to select the jury, which has the power to finally determine his rights in the matter

in controversy. The principal appoints his deputy, and is responsible for his acts. Code, secs. 766, 769. The official acts of the deputy are, in law, the acts of his principal. *Headington v. Langland*, 65 Iowa, 277. The interest which will prevent the principal for acting will disqualify his deputy.

III. The plaintiff objected to the deposition of Henry Hurse, and moved that it be suppressed, for the reason that the notice of the issuing of

3. ——: depositions: notice: service. the commission to take it was served by a deputy of the defendant. The plaintiff did not file cross-interrogatories. The statute provides that the notice may be served by the same persons who are authorized to serve original notices. Code, sec. 3731. But an original notice must be served by a person not a party to the action. Code, sec. 2601. The deputy was disqualified to act by the fact that his principal was a party to the suit. We conclude, therefore, that the service of notice disclosed by the record was insufficient, and that the deposition should have been suppressed.

IV. The appellant complains of the refusal of the court to instruct the jury as follows: "Where one

4. FRAUDULENT conveyances: husband and wife: conspiracy: evidence. fraudulent transaction is the subject of controversy, evidence as to other fraudulent transactions between the same parties may be admissible to show the intent of the one in controversy. But that is so only where the uncontroverted transaction and the one in suit are connected in some way, or are shown to have taken place within a very short time prior to the fraud in controversy." Our attention has not been called to any transaction shown by the record which is admitted to be fraudulent. It seems to have been claimed on the part of the defendant that the plaintiff and her husband have been engaged for many years in a conspiracy to defraud John Bell & Co., and some of the evidence tends to show that the title to certain land was conveyed to the plain-

tiff several years ago for that purpose. As we understand the record, the defendant endeavored to show that all the transactions of a fraudulent nature which he attempted to prove related to the alleged attempt of the plaintiff and her husband to defeat the collection of the judgment rendered against the husband by unauthorized measures. On that theory of the case, transactions somewhat widely separated in time may have been the result of a continuing conspiracy, and proof of them would be competent. The court attempted to instruct the jury to that effect, although it must be admitted that the language used did not fully express the thought intended.

V. The court charged the jury that a wife "cannot acquire and hold property adverse to her husband's creditors when it is made to appear that the claim of title made by the wife was of property that formerly belonged to her husband, and title assumed thereto after her husband had been insolvent or unable to pay his debts." This statement of the law ignores the fact that the wife may acquire title to exempt property from her insolvent husband without the payment of a consideration, and the further fact that she may acquire title from him to property not exempt by paying its value in good faith, and is therefore erroneous.

5. ──:──: instructions to jury.

VI. The appellant has presented numerous questions for our consideration. Some are only suggested, and many relate to rulings on the admission of evidence, or to the instructing of the jury in regard to matters which depend upon the evidence, and, therefore, may not again arise. Some of the questions presented are immaterial, and others relate to matters which were clearly not prejudicial. In the absence of an argument for the appellee, we refrain from discussing questions which will not necessarily arise on another trial. For the errors pointed out, the judgment of the district court is REVERSED.