## D. C. LAMB, Appellee, v. J. H. ROSS ET UXOR, Appellants.

Appeal: JURISDICTION. The certificate of the district court upon appeals to the supreme court, in cases involving less than one hundred dollars, must show upon its face that the questions certified for determination upon the appeal are involved in the case. In the absence of such showing the court will not examine the record to learn such fact, but will dismiss the appeal for want of jurisdiction.

*Appeal from Tama District Court.*—HON. J. H. PRESTON, Judge.

FRIDAY, FEBRUARY 5, 1892.

ACTION involving the priority of certain chattel mortgages. From a judgment for the plaintiff, the defendants appeal.—*Dismissed.*

*Struble & Stiger*, for appellants.

*W. H. Stevers* and *J. W. Lamb*, for appellee.

GRANGER, J.:—The case involves less than one hundred dollars, and the jurisdiction of this court depends upon the certificate of the trial judge. The appellee urges that the certificate in this case does not show that the questions certified are involved in the case, and that the court is without jurisdiction. The certificate, barring the questions, is as follows: "Now, to-wit, on this eighth day of March, 1890, the plaintiff's motion for a new trial being sustained, on request of

the defendants' counsel, this certificate of appeal is given, as the case involves questions upon which it is desirable to have the opinion of the supreme court. Therefore, at the request of the defendants' counsel, the following questions are certified to the supreme court for consideration." This is followed by some two pages of questions, which it may be admitted an examination would show are involved in the record. But that is not sufficient. The certificate must on its face show the jurisdictional facts. *Curran v. Coal Co.*, 63 Iowa, 94. It may be conceded that the certificate states that the cause involves questions on which it is desirable to have the opinion of this court. It does not, however, state that the questions certified are involved in the case. One could know that the questions appearing were involved in the case only by going to the record. In *Curran v. Coal Co., supra*, it is said: "We have no power to go behind the certificate of the trial judge and determine whether the case involves the questions of law included in the certificate." The case of *Beach v. Donovan*, 74 Iowa, 543, is much like this in its facts. In that case the court, by going to the record, could have known that the questions certified were involved in the case. The same is true of this case. The certificate does not state, as it should, that the questions upon which it is desirable to have the opinion of this court are involved in the case. The point may be regarded as technical, but it is technically correct and we are forced to decide it. In view of the evident policy of the law to suppress trifling litigation and preserve the time of the court for more pressing and important work, these holdings should meet with favor. The appeal is DISMISSED.

KINNE, J., took no part in this case.