## JONES v. WOODWARTH.

A challenge to the array of jurors lies in a civil cause as well as in a criminal, though the Code of Civil Procedure makes no provision therefor.

Pol. Code, § 716, providing that, where the sheriff is disqualified because a party to a pending suit, the coroner shall serve in his place in drawing the jury list, is mandatory.

Haney, J., dissenting.

(Opinion filed, Jan. 26, 1910.)

Appeal from Circuit Court, Edmunds County. Hon. LYMAN T. BOUCHER, Judge.

Action by D. R. Jones against George Woodworth. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed.

*Campbell* & *Taylor* and *Payne* & *Olson,* for appellant. *C. H. Barron* and *Taubman, Williamson* & *Herried,* for respondent.

CORSON, J. This is an appeal by the defendant from a judgment rendered in favor of the plaintiff, and from the order denying a new trial. The action was instituted by the plaintiff to recover of the defendant damages for an alleged breach of a contract entered into by the defendant with the plaintiff for the purchase of 100 head of steers, which the defendant refused to accept.

The defendant by his answer admits that he entered into the contract alleged in plaintiff's complaint, but denies each and every other allegation contained in the complaint. The defendant for a further defense alleges that it was provided in said contract that defendant was to have the right and privilege of selecting 100 head of steers at the time for delivery thereof from a herd of about 180 head of steers shown to the defendant by plaintiff, and that plaintiff failed and refused, and has ever since failed and refused, to permit defendant to select said 100 steers from said herd, although defendant has at all times been ready and willing to make said selection. As a further defense, defendant alleges that on October 5, 1907, before any breach of the contract alleged in the complaint, it was agreed between plaintiff and defendant that said contract should be waived, abandoned, and rescinded, plaintiff to retain the said $100 paid by defendant on the purchase price thereof, and that said parties did then waive, abandon, and rescind said contract accordingly.

It is disclosed by the record that upon the case being called for trial, and before the drawing of the trial jury, the defendant interposed a challenge to the array of jurors summoned and returned to try said cause, supported by affidavit, on the ground that the plaintiff in the said action was the sheriff of said county at the time of the drawing of the jury for said term of court, and participated in the drawing of the same, and that he, as such sheriff, summoned and caused to be summoned said jury. This challenge was denied by the court, and the defendant duly excepted. Thereupon a jury was called to the box for examination, and the defendant interposed a challenge to the array on the same grounds previously interposed to the panel. This challenge was also denied, and the defendant excepted. Thereupon

the jury was examined as to their qualifications, and the defendant, after having exhausted his challenges, renewed his challenge to the array. This challenge was also denied, and the defendant excepted. It is assigned as error, among others, that the court erred in denying these challenges, and it is contended on the part of the appellant that for this error the case should be reversed.

It is contended by the respondent in support of the ruling of the trial judge that in civil cases a challenge to the panel or to the array is not provided for—the only challenge allowed being the challenge to individual jurors—and hence that the trial court was right in denying appellant's challenges. The law in relation to the formation of the trial jury in a civil case is provided for by section 249 of the Code of Civil Procedure, and following sections: By section 251 it is provided: "Either party may challenge the jurors." By section 252, as amended by chapter 171, Laws 1903, the grounds of the challenge are specified. It will be noticed by an examination of these sections of the Code of Civil Procedure that no provision is made for a challenge to the panel or to the array. The learned counsel for the respondent calls our attention to section 3 of the Code of Civil Procedure, which provides, "The Code establishes the law of this state respecting the subjects to which it relates, * * *" and also to section 9, which provides, "* * * But in all cases provided for by this Code, all statutes, laws and rules heretofore in force in this state, whether consistent or not with the provisions of this Code, unless expressly continued in force by it, are repealed and abrogated * * *"; and insists that under these provisions of the Code of Civil Procedure no challenge to the panel or array can be allowed in a civil action, as no provisions have been made in the Code of Civil Procedure authorizing such a challenge to the panel or array. Prior to the adoption of the Revised Codes of 1903, there would have been great force in the contention of the respondent, but by that revision an important change was made in respect to the common law being in force in this state. Prior to the Revision of 1903 by section 2505, Comp. Laws, it is provided, "In this state there is no common

law in any case where the law is declared by the Codes," but by the Revision of 1903 section 6 of the Civil Code was substituted for this section, which reads as follows: "In this state the common law is in force except where it conflicts with the Codes or the Constitution." It will be noticed that the language of this section is broad and comprehensive, and that it applies to all the Codes, and that now "the common law is in force in this state except where it conflicts with the Codes or the Constitution." It will also be noticed that the word "Codes" is used in the plural.

It seems to be the settled practice at common law to allow challenges to the panel or array, both in civil and criminal cases. 3 Blackstone by Cooley, 359; 17 Am. & Eng. Ency. of Law, IIII; 24 Cyc. 328; Cowgill v. Wooden, 2 Black (Ind.) 332; Woods v. Rowman, 5 Johns. (N. Y.) 133; Gollobitsch v. Rainbow, 84 Iowa, 567, 51 N. W. 48; Munshower v. Patton, 10 Serg. & R. (Pa) 334; Lagaux v. Wells, 4 Yeates (Pa) 43; Ullman v. State, 124 Wis. 602, 103 N. W. 6; People v. Fellows, 122 Cal. 233, 54 Pac. 830; White v. State, 45 Tex. Cr. R. 597, 78 S. W. 1066. The Code of Civil Procedure having made no provision for a challenge to the array or panel, and there being no provision in the Constitution in conflict with the common law upon this subject, it would seem quite clear that under the law as it now exists the rule of the common law authorizing such a challenge to the panel or array should be allowed, notwithstanding the provisions of the Code of Civil Procedure which have been heretofore quoted. The Code of Civil Procedure having provided for challenges to individual jurors, those provisions of the Code supersede the common law, but, the Code of Civil Procedure not having provided in any manner for the challenge to the panel or the array in civil cases, the common law applicable to such challenge remains in force, and the court therefore erred in denying the challenge to the array or the panel, as the facts stated in the affidavit of the clerk as to the participation of the sheriff in the drawing and summoning of the jury at that term is undisputed.

It is provided in section 716, Pol. Code, that: "In case the sheriff shall be disqualified by reason of being a party to any

suit pending in said circuit court, or suspension from office, the coroner shall serve with the said officers in place of the sheriff," and by section 717 it is provided specifically the manner in which the jury shall be drawn by the officers designated. In our opinion these provisions in regard to the drawing of the jury are mandatory, and it must be presumed, we think, that the sheriff knew that; as a party to the action to be tried at that term, he was disqualified from participating in any manner in the drawing or summoning of the jury. In such case it was the duty of the sheriff to notify the other members of the board designated to draw the jury that he was disqualified and that the coroner should be called in to act in his place. While no improper motive may have actuated the plaintiff in failing to so withdraw from the board, still it is the design of the law to remove all temptation from the officer so situated in using any improper influence by participating in the drawing of the jury and to carry into full effect the intention of the provisions of the Constitution (section 6, art. 6) which provides: "The right of trial by jury shall remain inviolate." Fornia v. Frazer, 140 Mich. 631, 104 N. W. 147; Covington Bridge Co. v. Smith, 118 Ky. 74, 80 S. W. 440; S. Cov. Ry. v. Schilling 80 S. W. 510; Brogden v. State, 47 Tex. Cr. R. 121, 80 S. W. 378; State v. Austin, 183 Mo. 478, 82 S. W. 5. In the case of Fornia v. Frazer, supra, the learned Supreme Court of Michigan, in discussing a similar question, says: "The statute leaves no discretion as to the officer who shall perform the act of drawing the jury. The clerk, and no other officer, must draw the names from the box. This court in People v. Labadie, 66 Mich. 702, 33 N. W. 806, * * * said: 'The statutes which establish the rule for the drawing of jurors leave no discretion in the officers designated to conduct such drawing but plainly indicate how the proceedings shall be conducted.'"

The summoning of the jury by the sheriff was equally irregular and in violation of the common law, as was his participation in the drawing of the same. To permit the sheriff under such circumstances to summon the jury where he is a party to an action to be tried by them affords him opportunity to exercise an improper influence over them. Woods v. Rowan, 5 Johns. 133

Legaux v. Wells, 4 Yeates 43; Cowgill v. Wooden, 2 Black 332; Gollobitsch v. Rainbow, 84 Iowa, 567, 51 N. W. 48; Munshower v. Patton, 10 Serᵍ. & R. 334. In the case of Woods v. Rowan, supra, the Supreme Court of Judicature for the state of New York, in discussing this question, says: "The reason given for not permitting the sheriff to summon a jury, in his own cause is because he is not to be trusted to return the jury (3 Bl. Com. 354); and so scrupulous is the law on this subject that it is a good reason for quashing the array when made by a person or officer of whose partiality there is any reasonable ground of suspicion. 3 Bl. Com. 59. Under our act, the opportunity offered the sheriff of selecting the jury is much more circumscribed than it was before; but to a certain extent he has still the power of choosing the triors of the cause. He has an advantage which the other party has not, and however remote or unimportant that advantage may be, if tt exists at all, the law does not allow him an opportunity of availing himself of it. It is for this reason, among others, that the sheriff is not competent to summon a jury in the great variety of cases mentioned by Lord Coke. Co. Litt. 156a. It is true that the sheriff no longer selects the whole panel, and that it now is his duty to summon all such persons as shall have been previously balloted by the clerk; and hence it is argued that the challenge to the array in this case was properly overruled. I cannot accede to this conclusion. The sheriff certainly may select such of them as he may suppose will best subserve his purpose, and by summoning them, and omitting to summon the rest, he may in many cases as effectually pack a jury as if he had the power of selecting the whole panel. The impartial and equal administration of justice renders it dangerous to trust the sheriff with such a power. It is no answer to this objection to say that it is not to be presumed the sheriff will prostitute his office to such purposes. It is because he may do it that the law interposes; and, if he may, that is decisive of the question. I have taken some pains to ascertain whether in England it has ever been considered that it was not a good ground of challenge to the array where the sheriff has summoned a special jury; he being a party or otherwise disqualified. As far as my

researches have extended, I do not discover that there is any distinction. The rule appears to be universal; and yet, where a special jury is to try the cause, the sheriff has no more power of selecting the jury than he has under our statute. I am satisfied that it is safest to adhere to the rule as we find it settled, a rule wisely introduced for the purpose of guarding against partiality and corruption in trials by jury. The court are of the opinion that the challenge to the array upon the trial ought to have been allowed; and that there must, therefore, be a new trial with costs to abide the event of the suit." This opinion, delivered over a century ago, so clearly and so fully state the law applicable to the case at bar that we do not deem a further discussion of the question necessary. For the error committed by the court in denying the challenge to the array of the jury, the judgment of the court below must be reversed.

The other questions discussed in the briefs of counsel may not arise on another trial and we therefore do not deem it necessary to consider or discuss them in this opinion.

The judgment of the circuit court and order denying a new trial are reversed.

McCOY, J. While agreeing with Justice CORSON that there should be a reversal of the judgment and a new trial granted in this case, I do not think it should be based on the proposition that section 6, Civil Code, establishes the common-law practice in this state excepting where in conflict with our statutes or Constitution. The history of the enactment of our Civil Code would seem to indicate that the Civil Code is an embodiment of the common-law rules as to property and personal rights, and that section 6 has no reference whatever to the rules of procedure under our Code of Civil Procedure, which is a departure from the common-law procedure, and which establishes the law of this state as to procedure without reference to the common law, and wholly independent of it, and that our Code of Civil Procedure is also wholly independent of either the Criminal Codes or Civil Codes. While the Code of Civil Procedure makes no provision for challenge to the entire panel of jurors, still it seems to me that the court has inherent power to hear and determine

a motion to quash the entire panel for irregularity in the drawing thereof. This question seems to be well discussed in Ullman v. State, 124 Wis. 602, 103 N. W. 6. It appears that there is no provision in the Wisconsin Code of Criminal Procedure authorizing a challenge or objection, or motion to quash the entire panel, yet that court held that the court possessed inherent power to entertain such a motion, whether in the form of a challenge, objection, or motion to quash, notwithstanding the absence of a statutory provision, and also regardless of the common law.

It also seems to be held generally that a provision like that contained in section 716, Pol. Code, must be complied with as to disqualification of sheriff when he is a party to a suit; that is, when he is a real party, not a nominal party, but a real party to a suit to be tried by the jury he has assisted in drawing.

WHITING, P. J. I concur in the above.

HANEY, J. (dissenting). I think the judgment should be affirmed.