STATE ex rel. O'BRIEN, State's Attorney, Respondent, v. WEAVER, Appellant.

(159 N. W. 884.)

(File No. 3851.   Opinion filed November 13, 1916.)

1.   Appeals—Exceptions—Prejudicial Error—Statute.

Laws 1913, Chap. 178, Sec. 1, declaring that no exceptions shall be regarded unless it clearly appears that the effect of the error complained of was prejudicial to the party excepting, is applicable to failure to observe the requirements of the

statute theretofore deemed mandatory, not less than one deemed merely directory.   So held, in construing Pol. Code, Sec. 716, in effect disqualifying the sheriff to participate in the drawing of a jury, by reason of his being a party to any suit pending in a circuit court.

2.    Trials—Challenge—Quashing Panel in Civil Case—Statute.

Pol. Code, Sec. 716, in effect disqualifying a sheriff from participating in the drawing of a jury by reason of his being a party to any suit pending in a circuit court, held, not to be applicable to a civil action to which the sheriff is not a party, nominal or real; and an objection to the panel of jurors in whose selection the sheriff participated is not tenable in such a case.   But, held, further, that an objection to the panel made by an adverse party in an action wherein the sheriff was a party would, if overruled, constitute prejudicial error; and such participation would be such an irregularity as would render the entire panel incompetent.   Held, further, that it is immaterial upon appeal whether the power to quash the panel in a civil case be founded upon Pol. Code, Sec. 716, or be one inherent in the court.   Jones v. Woodworth, 24 S. D., 583, distinguished.

3.    Taxation—Assessment—Failure to Deliver Assessment List, Penalty for—Demand of List, Whether Necessary—Statutes—Error, When Assignable Under.

Under Pol. Code, Sec. 2069, in effect providing among other things, that any person refusing to deliver to the assessor, "when called on for that purpose," a list of his taxable property, shall be liable to a specified penalty; and Sec. 2053, declaring that all property, real and personal, with certain exceptions, is subject to taxation, and shall be entered in the list of taxable property, and Sec. 2055, declaring that personal property shall for purposes of taxation be construed to include, among other things, moneys and credits, and Sec. 2057, declaring that all such property subject to taxation shall be listed and assessed, and Sec. 2068, in effect requiring such person to deliver to the assessor "when required," a verified statement of his personalty for taxation, and Sec. 2076, as amended by Laws 1911, Chap. 83, in effect making it the duty of the assessor to place a valuation upon personalty listed for taxation, etc., followed by a list of various classes of personalty, including credits, as items of taxable property, held, that the statute does not require the assessor to make a specific demand upon the owner as to each of the various separate classes of personalty specified in Sec. 2076; but does require the tax-payer himself, without such demand, to list his "credits;" and the assessor's failure to specifically demand of him a list of his credits constitutes no defense to an action under Sec. 2096, against him for recovery of the penalty therein provided; and

no errors of trial court in receiving evidence or otherwise may be predicated upon such a theory of defense.

Appeal from Circuit Court, Hyde County. Hon. JOHN F. HUGHES, Judge.

Action by the state on the relation of M. Harry O'Brien of Hyde County, South Dakota, against Ferman Weaver to recover statutory penalty for failure to deliver an assessment list. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

*Theo. H. J. Studt,* for Appellant.

*Clarence C. Caldwell,* Attorney General, and *Byron S. Payne,* for Respondent.

(1) To point one of the opinion, Respondent cited: Laws 1913, Ch. 280.

(3) To point three of the opinion, Respondent cited: Pol. Code, Sec. 2068, 2069, 2070, 2076; Laws 1911, Chap. 82; 17 Cyc. 97, 1453; State v. Hilgendorf, 23 Ind. App. 207, 55 N. E. 102; Cody v. Spear, (Mass.) 101 N. E. 146; Lee v. Com., 36 Ky. (6 Dana.) 311; State ex rel. Goodman v. Halter, 149 Ind. 292, 47 N. E. 665, affirmed in 49 N. E. 7.

SMITH, J. Action to recover from appellant the statutory penalty prescribed by section 2069, Pol. Code, for willfully failing and refusing to deliver to the assessor, when called upon for that purpose, a list of the taxable property required by law to be listed for taxation.

The specific allegation of the complaint is that the defendant willfully failed and refused to list the amount and value of his moneys and credits. It is conceded that defendant verified and delivered to the assessor a list of all his other property as required by law. The testimony of the assessor is to the effect that he called upon defendant for the purpose of obtaining such list, and asked the defendant to list his moneys and credits, and that defendant refused to list such items. The defendant admits that the assessor asked him to list moneys, but denies that he had any moneys and denies that he was asked to list credits. It appears from the undisputed evidence that the defendant at that time held a certificate of deposit for $1,125, due in about ten months, issued to him by the Holabird State Bank, and a cer-

tificate of deposit for $2,150 issued to him by the Hyde County Bank, and perhaps one or two other similar certificates.

[1, 2] The jury returned a verdict "for the plaintiff on all the issues," and assessed a penalty in the sum of $50. Judgment was entered upon the verdict, with costs. Appeal is from the judgment and order overruling motion for new trial. Appellant makes numerous assignments of error, one of which is an order of the trial court overruling his challenge to the panel of trial jurors, on the ground that the sheriff, who participated in the drawing of the jury, is "a party to an action pending and for trial at the present term," which challenge was renewed after appellant had exhausted his peremptory challenges. Appellant relies upon Jones v. Woodwarth, 24 S. D. 583, 124 N. W. 844, Ann. Cas. 1912A, 1134. In that case two of the members of the court were inclined to the view that the statute (section 716, Pol. Code) authorized a challenge to the panel in a civil case, and was mandatory; two were of the view that the statute was not mandatory in civil cases, but that the court possessed an inherent power to quash the entire panel because of such an irregularity in the drawing, where the sheriff was a real and not a nominal party to the action, and if a real party, his participation in the drawing of the jury would constitute an irregularity which would require the quashing of the panel. The fifth member of the court dissented. Thus four of the five members of the court concurred in holding that the trial court erred in refusing to quash the panel; it being conceded that the sheriff in that case was a party to the action in which the challenge was interposed. That case in any view is not decisive of the question here involved. It is conceded upon this appeal that the sheriff, though a party to another action pending and for trial at the term, is not a party, nominal or real, to this action. The opinion in the Jones case was handed down January 10, 1910. By section 1, c. 178, Laws 1913, the Legislature declared that no exception should be regarded, unless it clearly appears that the effect of the error complained of was prejudicial to the party excepting. This statute in its terms is applicable to a failure to observe the requirements of a statute theretofore deemed mandatory, not less than to one deemed merely directory. It therefore becomes immaterial upon appeal whether the power to quash the panel

in a civil case be founded upon section 716, Pol. Code, or be one inherent in the court. Any irregularity, unless the statute in express terms declares the effect thereof, may not now be ground of reversal, unless it clearly appears that the effect of the act complained of was prejudicial to the appellant. If an objection to the panel were made by an adverse party in an action wherein the sheriff was a party and overruled, we are of the view that prejudicial error would have been made clearly to appear. The participation by the sheriff in the drawing of a panel from which jurors must be selected to try his own case would be such an irregularity as would render the entire panel incompetent. The sheriff would therefore be disqualified and the coroner should serve in his place whenever the sheriff is a "party to any suit pending in said circuit court." In the case at bar, appellant does not claim, and has not attempted to show, that any juror who sat in the trial of the case was incompetent by reason of prejudice, bias, interest, or otherwise, or that the effect of the unlawful act of the sheriff was in any degree prejudicial.

[3] Appellant's next contention is that the assessor failed to demand, and did not demand, a listing of credits for taxation, and that, in the absence of such demand, he is not liable to the penalty imposed by statute. Section 2053 of the Pol. Code declares that all property, both real and personal, with certain exceptions not material here, is subject to taxation, and that such property, or the value thereof, shall be entered in the list of taxable property, "in the manner prescribed in this chapter."

By section 2055, Id., it is declared that:

"Personal property shall for the purposes of taxation be construed to include all goods, chattels, moneys, credits and effects wheresoever they may be. * * *"

Section 2057, Id., declares that all such property subject to taxation shall be listed and assessed each year. Section 2068, Id., declares that:

"Every person required by this article to list property shall make and deliver to the assessor when required, a statement verified by oath of all the personal property in his possession or under his control, and which by the provisions of this article he is required to list for taxation, either as owner or holder thereof. * * * * It shall be the duty of the assessor to require all per-

sons giving in tax lists, to sign, date, and deliver to them a sworn statement upon said list. * * *"

Section 2076, Id., as amended by chapter 83, Laws 1911, declares:

"It shall be the duty of the assessors to determine and fix the true and full value of all items of personal property included in such statement and enter the same opposite such items respectively, so that when completed such statement shall truly and distinctly set forth."

Then follows a list of 30 distinct classes of personal property, in which is included "credits" as an item of taxable property. Under these various provisions of the statute it is made the duty of the assessor to demand a list or "statement" of personal property to be assessed for taxation, and to require the owner to verify such list. But the statute nowhere requires the assessor to make a specific demand as to each of the 30 separate classes of personal property required to be listed. The statute requires the taxpayer himself to list each and every item of taxable personal property described in the statute. It follows that the failure of the assessor to specifically demand that defendant list his "credits" constitutes no defense whatever in this action, and no errors of the trial court in receiving evidence or otherwise may be predicated upon such a theory of defense.

Appellant also assigns as error certain rulings of the trial court in receiving evidence tending to prove the election and qualification of the assessor, and also the election and qualifications of the state's attorney who is authorized and required to prosecute this action under the statute. We have carefully examined these assignments, and find in them nothing which could have prejudicially affected appellant's legal rights. A review of these separate assignments would serve no useful purpose, and is therefore unnecessary.

The order and judgment of the trial court are therefore affirmed.