## UNITED STATES v. FORE.
### No. 5558–SD.

District Court, S. D. California, S. D.
March 10, 1941.

William Fleet Palmer, U. S. Atty., and Harold R. Shire, Asst. U. S. Atty., both of Los Angeles, Cal., for the United States.

John T. Holt, of San Diego, Cal., for defendant.

NETERER, District Judge.

The defendant charged with murder in the first degree, was without counsel; he is a poor person, and unable to employ attorneys; on being arraigned he requested the court to assign counsel for him; counsel was appointed, and a plea of not guilty was entered; at the time counsel for the defendant stated that insanity would be urged, and presumed the California statute of procedure in such cases would not apply. The court stated the conformity statute has no application and directed that insanity may be presented, at trial, as a defense on the plea of not guilty. 38 F.Supp. 140. The defendant now moves the court that material witnesses be subpoenaed for the defendant from the state of Florida at the Government's expense, and files the necessary indigent affidavit. And cites Sec. 563, Title 18 U.S.C.A., and Sec. 656, Title 18 U. S.C.A., in support. Sec. 563 was enacted April 30th, 1790, and so far as material provides that the court "shall immediately, upon his request, assign to him [defendant] such counsel * * * as he may desire, * * *. He shall be allowed, in his defense, to make any proof that he can produce by lawful witnesses, and shall have the like process of the court to compel his witnesses to appear at his trial, as is usually granted to compel witnesses to appear on behalf of the prosecution." This section was based upon amendment 6 of the Constitution which provides among other things that the defendant shall "be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defence."

It is obvious that the status of witnesses and appointed counsel are on the same compensatory bases, except that there is no qualifying word preceding the appointment of counsel while "the witnesses" is

preceded by the word "process". Process as used in this section may be termed the means of bringing a witness into court; a subpoena in a proceedings, Gollobitsch v. Rainbow, 84 Iowa 567, 51 N.W. 48, a summons issued in a judicial proceedings, Pen. Code Cal. § 1390. 2 Bouv. Law Dict., Rawle's Third Revision, p. 2731.

"The legal meaning of the word 'process' varies according to the context, subject matter, and spirit of the statute in which it occurs. [United States v. Kinney, D.C., 264 F. 542, writ of error dismissed 254 U.S. 663, 41 S.Ct. 64, 65 L.Ed. 464; United States v. Murphy, D.C., 82 F. 893.] In some jurisdictions codes or statutes variously define 'process' as signifying or including: A writ or summons issued in the course of judicial proceedings; all writs, warrants, summonses, and orders of courts of justice or judicial officers; or any writ, declaration, summons, order, or subpoena whereby any action, suit, or proceeding shall be commenced, or which shall be issued in or upon any action, suit, or proceeding". 50 Cor. Jur. 442.

"The term 'process' includes any writ of summons, subpoena or order * * * issued in or upon any action, * * * brought in any court * * * having jurisdiction of the subject-matter." Ex parte Schollenberger, 96 U.S. 369, 374, 24 L.Ed. 853.

"A 'process' is merely a formal writing issued by authority of law. In re Martin, 86 N.J.Eq. 265, 98 A. 510; State v. Superior Court of Thurston County, 139 Wash. 454, 247 P. 942; see, also, In re Simon [2 Cir.], 297 F. 942; Frank Adams Elec. Co. v. Witman, 16 Ga.App. 574, 85 S.E. 819." Massey v. United States, D.C., 46 F. 2d 78, 79. No case nor text uses "process" in any terms of compensatory relation.

Section 563, so far as advised, has received no judicial interpretation, except in Nabb et al. v. United States; October Term 1864, 1 Ct.Cl. 173. In this case an attorney was appointed for defendant, an Indian charged with murder on an Indian reservation; at the conclusion of the trial a claim was presented by the appointed attorneys to the Indian Bureau of the Department of Interior and payment was refused, and suit followed. The 6th amendment was urged in support of the claim. The court said, "The amendment of the Constitution provides that the accused shall enjoy the right to have counsel. This is the declaration of a right in the accused, but not of any liability on the part of the United States. In furtherance of the right, the act of 1790 [§ 563, Title 18, U.S.C.A. Supra] directs the court to assign to the accused such counsel as he shall request. But it does not authorize the court to contract with such counsel on the credit of the United States; and the action, therefore, of the court in this case furnishes no inference of any such contract." For the same reason the section does not control here. Under this section process (subpoena) would issue on behalf of defendant, as for the United States, and served without expense; this gives each "like process", but each is required to pay its respective witnesses.

No provision was made for payment of witness fees for indigent defendants until August 3rd, 1882, Sec. 656, Title 18 U.S.C.A. It was then provided that for an indigent defendant in criminal cases upon affidavit, setting forth names of witnesses whose evidence is material to his defense, and that he cannot safely go to trial without them, and that they are within the district in which the court is held, or within 100 miles of the place of trial; that he is not possessed of sufficient means to pay the fees of such witnesses, the court or judge may order such witnesses to be subpoenaed if found within the prescribed limitation, and that costs incurred by the process, and the *fees of the witnesses* shall be paid in the same manner, as similar costs, and fees are paid in case of witnesses subpoenaed on behalf of the United States. (Italics supplied.) It is obvious that the Congress appreciated that no provision had been made for the payment of witnesses' fees in criminal cases subpoenaed by a poor defendant, provided for such payment within the described zones. The court has power to subpoena witnesses at the expense of the United States only within the zone above given. The other construction would give the rich right to have witnesses subpoenaed from anywhere in the United States, but would limit the poor to the restricted zone.

The court has power to order that the defendant "shall have the like process of the court to compel his witnesses to appear at his trial, as is usually granted to compel witnesses to appear on behalf of the prosecution," but has not power that the transportation and fees of such witnesses shall be paid by the United States; and such an order may be entered.