CLIFFORD Cox, Appellant, v. LODEMA CARRICK, Appellee.

**REPLEVIN:** Disposal or Concealment—Procedure. Before plaintiff
1 may have an order for the personal examination of a person who is accused of having disposed of or concealed the property called for by the writ, he must (1) produce an affidavit of fact, and (2) file a *verified* petition establishing disposal or concealment of the property. (Sec. 4171, Code, 1897.)

**REPLEVIN:** Petition—Insufficiency. A petition in replevin which
2 alleges no more than the purchase of the property by plaintiff, and that it had not been taken from him by any legal process, is insufficient to support a writ.

*Appeal from Tama District Court.*—JAMES W. WILLETT, Judge.

DECEMBER 15, 1919.

SUIT in replevin, whereby plaintiff claimed the right of possession, as absolute owner, of "one set of diamond earrings" and "one ring." The defendant answered, averring absolute ownership, and, therefore, right of possession there-

under. The plaintiff appeals from the refusal of the trial court to make an intermediate order.—*Affirmed.*

*C. N. Pickler,* for appellant.

*C. A. Pratt,* for appellee.

EVANS, J.—We have no argument or appearance for the appellee. It is made to appear by appellant that a writ of replevin was issued in the case, and was placed in the hands of the sheriff for service. The sheriff returned the writ not executed. Thereupon, the plaintiff attempted to proceed under the provisions of Section 4171 of the Code, which is as follows:

1. REPLEVIN: disposal or concealment: procedure.

"Sec. 4171. When it appears by affidavit that the property claimed has been disposed of or concealed so that the writ cannot be executed, the court or judge, upon verified petition therefor, may compel the attendance of the defendant or other person claiming or concealing the property, and examine him on oath as to the situation of the property, and punish a willful obstruction or hindrance or disobedience of the order of the court in this respect as in case of contempt."

The plaintiff filed the affidavit of the sheriff, the material part of which was the following:

"That I read the said writ to said defendant, Lodema Jordon, on the 25th day of April, A. D. 1918, at Traer, Iowa, and demanded of said Lodema Jordon at said time, the possession of the property described in said writ and she emphatically refused to deliver said property. I noticed that said Lodema Jordon was wearing a set of diamond earrings and a diamond finger ring; all of said diamonds being of the approximate size of the diamonds described in said writ. I inquired of said Lodema Jordon if the diamonds she was then wearing were the diamonds that were described in the writ, and she informed me that they were."

With this affidavit the plaintiff filed a petition, the prayer of which was as follows:

"Wherefore, plaintiff prays that an order issue to compel before this court the attendance of the defendant, Lodema Carrick, formerly Lodema Jordon, to the end that she may be examined under oath, touching as to the situation and disposition of the property sought to be replevined in this proceeding, and to the end that the same may be reached by the writ of replevin, and to remove any obstruction to the execution of said writ."

The court below refused or failed to make any order of citation of the defendant for oral examination. It is from this refusal that the plaintiff has appealed.

We learn from appellant's brief that the trial court refused the order, on the ground that the pretended application of plaintiff did not comply with the provisions of Section 4171, above set forth.

An examination thereof discloses that the petition of plaintiff for such citation was not verified, as required by the statute. Appellant contends that the affidavit of the sheriff filed therewith was a sufficient verification. But the statute in express terms calls for an affidavit and a verified petition. The plaintiff could have amended this defect, if this petition was true, with less effort than is involved in the prosecution of this appeal. *Gollobitsch v. Rainbow*, 84 Iowa 567.

We note further that the application filed by the plaintiff purported to be a "Second Amended and Substituted Petition to Cite Defendant." Such was its caption, and the same was repeated verbatim in the body of the application. Taking the plaintiff at his word, his substituted petition must have been intended as a substitute for something already filed. The only previous paper filed by him was his original petition and an amendment thereto. There was no previous petition for a citation of the defendant. The

substitute petition, therefore, necessarily supplanted the original petition and first amendment, and became a pleading, and the only pleading on the part of plaintiff in the case. As a petition in replevin, it was insufficient to justify issuance of a writ.

The plaintiff pleaded, and the defendant admitted, that the plaintiff bought these articles of jewelry at Plumb's; that he paid $200 therefor; that they were worth it; and that they were not taken from the plaintiff by legal process. By what other process they were taken is not disclosed, except by implication in the defendant's answer, which averred that the articles had been the property of the defendant since a Christmas morning, of a forgotten year in the long ago, when, presumably, the plaintiff was "Clifford" and the defendant was "Lodema." The respective averments of ownership were mere legal conclusions. The theory of fact upon which plaintiff bases his conclusion of ownership is not disclosed. The petition avers that the defendant was once Lodema Jordon, but is now Lodema Carrick. The implication seems to be that a previous gift to Lodema may not be retained by Mrs. Carrick. Gifts sometimes do fail by conditions subsequent. What doth it profit a man to gain a whole finger and to adorn it with precious stones, if he lose the hand?

2. REPLEVIN: petition: insufficiency.

If the plaintiff had an acute sense of good tactics, he would probably first try his case on the merits in detinue. He could solve the problem of the service of a writ of possession thereafter as easily as now. It might not be necessary. He would thereby save something.

The affidavit of the sheriff presented by the plaintiff negatived both the alleged disposal and alleged concealment. No other allegations were made. The sheriff had no trouble to find the jewels. They were frankly exhibited and proudly displayed. True, the sheriff was embarrassed when

he found his quarry. The diamonds earrings were in their appropriate place. Whether they were so affixed to the realty as to become a part thereof is not disclosed. To have brought the defendant into court with the same ornaments upon her would have given the court no more information and no less embarrassment, perhaps, than had been already acquired and suffered by the sheriff. The only apparent purpose to be served by such a course would be to retrieve the first discomfiture, and perhaps to cow the defendant into a surrender of her own personal rights. We hold, therefore, that the plaintiff failed, both in form and substance, to bring himself within the provisions of the statute above quoted. The order of the trial court is, accordingly,—*Affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.