## JOHN HOUGHTON V. THE STATE.

1. GAMING.—Betting, of itself, is not a violation of the Penal Code. It is the betting at games, tables, or banks which are prohibited, that constitutes the offense of gaming.

2. GAMING TABLES.—The keeping or exhibiting of a table or game, licensed and permitted by law, does not come under the penalty attached to the keeping of a gaming table kept or exhibited for the purpose of gaming.

3. BETTING ON A TEN-PIN ALLEY.—Betting on a licensed ten-pin alley did not constitute an offense prior to the act of 9th April, 1873.

APPEAL from Williamson. Tried below before the Hon. E. B. Turner.

*Terrell & Walker,* for appellant, cited Stearnes *v.* The State, 21 Tex., 695; Booth *v.* The State, 26 Tex., 203; The State *v.* Burton, 25 Tex., 420; Crow *v.* The State, 6 Tex., 336; McElroy *v.* Carmichael, 6 Tex., 454; Kirkland *v.* Randon, 8 Tex., 10; The State *v.* Bishop, 8 Ired., 266; Harless *v.* United States, 1 Morris, (Iowa,) 169; The State *v.* Mosely, 14 Ala., 390; The State *v.* Allaire, 14 Ala., 435; Huff *v.* The State, 2 Swan, 279.

*George Clark, Attorney General,* for the State.

MOORE, ASSOCIATE JUSTICE.—The appellant was indicted at the March term, 1873, of the District Court of William-

son county, for "unlawfully keeping and exhibiting a certain gaming device called ten-pins, on which money was then and there bet."

The evidence upon which the appellant was convicted of the offense of which he is charged by the bill of indictment was his admission, made, it seems, from the statement of facts on the trial, that he "had been engaged for eleven months just prior to the finding of the indictment in keeping a ten-pin alley, and during that time money had been bet on the regular game of ten-pins played in said alley; that said ten-pin alley was kept open for the public, and that those who played at the game of ten-pins were permitted to bet on the same when they desired to do so." In defense, appellant proved that the license tax assessed by law had been paid upon said alley during the time it was kept by him, as previously admitted.

Upon this evidence the jury returned a verdict against appellant, and the court overruled his motion for a new trial, in which we are clearly of the opinion there was error.

As the instructions given the jury are not in the record, the case was probably submitted, by consent, upon verbal instructions. We are consequently unable to tell the precise view of the law entertained by the court below. It seems probable, however, from the brief of appellant's counsel, that it was believed by the learned judge who presided on the trial of the cause in the District Court, that the offense charged in the indictment was, "under the authority of the case of Wolz v. The State, 33 Tex., 335, sufficiently established by the evidence to support the verdict. It must be admitted that some parts of the opinion in that case tend to support the conclusion that betting on any character of table, whether licensed or unlicensed, kept or exhibited for playing games of skill or chance, is illegal, and subjects the keeper of such table to indictment. An examination of the case, however, shows that this view of

law, if entertained by the judge by whom the opinion was prepared, was not necessary to support the judgment. But if it was, it is, we think, contrary to the true construction of the code, and is in direct opposition to the case of Stearnes *v.* The State, 21 Tex., 695, and cannot receive our approval.   While, unquestionably, it is the purpose of the law to punish the keeping or exhibiting for the purpose of gaming all gaming tables, or banks of any name or description, or if used for gaming, whether they have any name or not, and that every species of gaming device known by the name of table or bank, and any or all games which in common language are said to be dealt, kept, or exhibited, are prohibited, it is equally evident that it was not the purpose of the law to forbid or punish the exhibiting tables or the playing games which were expressly licensed.   Betting, of itself, is not a violation of the code. It is the betting at games, or on tables, or banks, which are prohibited, that constitutes the offense of gaming which the law seeks to suppress.   So, likewise, it is not the keeping or exhibiting of a table or game licensed and permitted by law which comes under the penalty attached to the keeping of any gaming table kept or exhibited for the purpose of gaming, although wagers may be laid upon the games played upon such licensed table.

What we have said is to be applied, of course, to the law as it was at the time the present indictment was found, and has no reference to indictments under the present law.

The judgment is reversed, and the case remanded.

Reversed and remanded.