### H. E. PARKER v. THE STATE.

#### COURT OF APPEALS, TYLER TERM, 1882.

*Gaming—Pool Table.*—It is now settled beyond question that it is a violation of law to keep or exhibit a pool table for the purpose of gaming, notwithstanding such table may be licensed under the law, and it is likewise an offense to bet or wager upon such table.

Appeal from Van Zandt county :

Opinion by Willson, J.—The indictment alleges that the defendant " did unlawfully keep and exhibit a certain bank and table for the purpose of gaming." We think the indictment is good, and that the court did not err in overruling the exceptions to it. (P. C., 415; Campbell v. State, 2 Ct. Appeals, 187.)

The case was tried by the judge upon the facts as well as the law, and his conclusions are set forth in the judgment as follows :  " That the defendant did keep and exhibit, for the purpose of gaming, a certain table known as a fifteen ball pool table, and that it was shown that said table is one which is licensed by law, or of the kind of table upon which an oc-

cupation tax is demanded. The court finds as a matter of law that it is an offense to keep such a table for the purpose of gaming. "

There is a line of decisions in this State which hold, that under the law as it existed at the time they were rendered, it was not an offense to keep or exhibit for the purpose of gaming, a table licensed by law and upon which the license tax had been paid, or to bet upon such table. (Houghton v. State, 41 Tex., 136 ; State v. Johnson, Id. 504: Longworth v. State, Id. 508; Chiles v. State, 1 Ct. App., 27 ; Harris v. State, 9 Ct. App., 308.) But these decisions have been overturned by express legislation. It is now provided that the fact that a tax is levied upon such tables shall not be construed to exempt from the punishment prescribed by law, any person who may violate any of the provisions of chapter III of the Penal Code, which chapter relates to gaming. (Acts XVII Leg., Chap. LV., p. 58.) This postive enactment settles it beyond question that it is now a violation of law to keep or exhibit a table for the purpose of gaming, notwithstanding such table may be licensed under the law, and that it is likewise an offense to bet or wager upon such table. This precise question has been heretofore decided and settled by this court, in accordance with the views herein expressed, in Reeves v. State, 12 Ct. App., 199.

The judgment is affirmed.

