## CHARLES LYLE v. THE STATE.

*No. 7183.   Decided June 24.*

1. **Gaming Table.**—The structure used for gaming purposes does not necessarily determine whether or not such structure is a gaming table within the statutory meaning of the term. It is rather the character of the game played upon it that is to be regarded in determining that question. To come within the statutory meaning of the term gaming table, it must be kept or exhibited for the purpose of obtaining betters.

2. **Same.**—A table with a hole in the center through which players playing the game known as poker would drop one chip for the owner of the table for each flush, full, or threes held by the players, and upon which table only the game of poker was played, is not a gaming table within the meaning of the statute.

APPEAL from the County Court of Mitchell.   Tried below before Hon. C. H. Earnest, County Judge.

The opinion states the case.

*Thurmond & Yantis*, for appellant, cited Chappell v. The State, 27 Texas Court of Appeals, 313, upon the proposition that the table was not a gaming table.

*R. H. Harrison*, Assistant Attorney-General, for the State, cited Webb v. The State, 17 Texas Court of Appeals, 205.

### ON MOTION FOR A REHEARING.

HURT, JUDGE.—Appellant was convicted for keeping and exhibiting a gaming table.

The facts show that a game of draw poker was played on the table, and that appellant was proprietor of the room in which the game was played. He was also the owner and proprietor of the table. The table was covered with cloth, and in the center was a small hole where the players, when they held threes, flushes, or full hands, would put one chip for appellant, the proprietor.

Was such a table upon which poker was played a gaming table within the meaning of the statute?

In Chappell v. The State, 27 Texas Court of Appeals, 310, it is said that it seems that the structure of the table—that is, whether it was made specifically for gaming purposes—can not ordinarily affect the question. It is rather from the character of the playing or game which is played that it receives its specific designation. Applying this plain rule, it follows that from the character of the game played—poker— the table thus used was simply a poker table—that is, a table upon which poker was played.

The table, to come within the meaning of the statute, must be such as can be bet at by some one beside the keeper or exhibitor; for it must be kept or exhibited for the purpose of obtaining betters. Article 363, Penal Code.

Now, we think that an illustration will demonstrate that the table under discussion was not a gaming table within the meaning of article 358 of the Penal Code. Suppose the parties who bet at poker were indicted and convicted for betting at a gaming table under article 364, would the proof in this case sustain the conviction? Certainly not, because they played and bet at poker. We think this shows that the table was not a gaming table within the meaning of article 358.

The rehearing is granted, and the judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.