## Charley Brogden v. The State.

### No. 2723. Decided April 13, 1904.

**1.—Jury and Jury Law—Sheriff Can Not Draw Jury.**

It was error to permit the deputy sheriff to draw the jury for the trial of appellant from the box and to make lists of the same for the use of the State and defendant; the law provides that this duty shall be performed by the clerk.

**2.—Charge of the Court—No Betting Necessary.**

It was proper to charge in a prosecution for exhibiting a gaming table and bank that it was not necessary that any betting was done in order to convict.

**3.—Jury—Misconduct—New Trial.**

Where it was shown by the affidavits of two of the jurors who tried defendant that the jury had discussed the failure of defendant to testify before any verdict was rendered, a new trial should have been granted.

Appeal from the County Court of Travis. Tried below before Hon. James R. Hamilton.

Appeal from a conviction of exhibiting a gaming table and bank; penalty, a fine of $25 and ten days' confinement in county jail.

No statement necessary.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of exhibiting a gaming table and bank for the purpose of gaming, and his punishment assessed at a fine of $25 and ten days confinement in the county jail; hence this appeal.

On the trial appellant objected to the deputy sheriff drawing the jury for the trial of appellant from the box, and making lists of the same for the use of the State and defendant. Articles 682 and 683, Code of Criminal Procedure, provide that this duty shall be performed by the county clerk. There is no provision authorizing it to be done by the sheriff or his deputies. Evidently this was enacted for the purpose of securing a fair and impartial jury, and we know of no authority on the part of the judge to set aside this plain provision of the statute.

Appellant complains of the charge of the court particularly because it instructed the jury that it was not necessary for the State to show that any betting was done at the bank or table. This was in accordance with the statute; it being held only necessary that the table or bank be exhibited for the purpose of gaming. The court sufficiently charged on this matter, and besides gave a requested charge on the subject.

Appellant further contends that the judgment should be reversed because the jury discussed the failure of defendant to testify before any verdict was rendered. This question was presented in the motion for new trial, and was supported by the affidavits of two of the jurors; and we do not find anywhere in the record, that this was controverted by the

State.    A new trial should have been granted on this ground.    For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*