ROBERTS et al. v. GOSSETT et al.

No. 4578.

Court of Civil Appeals of Texas. Amarillo.
Oct. 21, 1935.

Jesse Owens, of Vernon, for appellants.

Ed. L. Gossett and Curtis Renfro, both of Vernon, for appellees.

MARTIN, Justice.

Relators filed in the district court of Wilbarger county a lengthy petition for an injunction against respondents, who were respectively the district attorney, the county attorney, the sheriff, and a constable of said county. It is alleged therein that relators owned and had placed in operation about sixty marble machines, and paid all taxes thereon under House Bill No. 223, Acts 44th Legislature, at its Regular Session (chapter 354 [Vernon's Ann.Civ.St. art. 7047a—1]); that such machines are not gambling devices, but a game of skill and so recognized by the Legislature of the state of Texas; that their operation is not a violation of law; and that relators are threatening to seize and destroy said machines and institute criminal prosecutions against them. The gist of their case is perhaps fully expressed in the following paragraph of their petition: "Plaintiffs further allege and show to the court that this hon. court should grant, and cause to issue, an injunction restraining the defendants and each of them from seizing and confiscating plaintiffs' property herein described and from instituting criminal complaints against them in connection with the operation of said marble machines, as described in this petition, until the court of competent jurisdiction can pass on the merit of same and determine whether or not said coin vending machines, or marble machines, are in themselves in violation of House Bill No. 223, as passed by the last Legislature and now in full force and effect. That the state of Texas, by virtue of said law and collecting and accepting the tax upon the machines belonging to these plaintiffs have licensed the plaintiffs to operate said machines; and that these plaintiffs have no adequate remedy at law to protect their property and to permit said defendants to carry out their plan and what they have threatened to do, would damage these plaintiffs in the sum of Ten Thousand dollars."

Respondents answered in part:

"Defendants further answer herein, if the same be necessary, without waiving the above pleas, and say that they are not doing or threatening to do anything illegal, not to proceed against any machine operators who are not violating the law, that they are proceeding, and intend to proceed against those machines, only, which pay rewards to the players for making certain scores thereon.

"Defendants further say that they are proceeding only under article 619 of the Penal Code of the state of Texas, and other provisions of chapter 6 of title 11 of the Penal Code, 1925."

The trial court upon a full hearing denied relators any relief.

It is here contended by relators: (1) That the proof herein shows the said marble machines are not gaming tables, or gambling devices; and (2) that "H. B. No. 223, passed by the last Legislature, which imposed a tax upon marble machines, left no question but what marble machines were lawful and since the evidence in the instant case shows that the relators have paid their county and city taxes and have made arrangements to pay state taxes, imposed by said H. B. No. 223, they are entitled to operate the said machines."

Evidence of the exact construction and operation of the tables in question is extremely meager. We here copy practically all the essential facts found in the record respecting this matter:

"A. First, all of these machines that I have in operation are nickel machines. You insert a nickel in the slot which releases the ball from the playing field, and the plunger on the inside of the machine lifts this ball into a runway and the ball from this runway is propelled by a plunger on to the playing field. This field has springs and pins set on the face with different holes on this playing field that pay

off different amounts of money for the skilled player. * * *

"Q. So the court will understand it, just tell how these machines are built; in other words, state to the court whether or not their playing field sets upon four legs? A. Yes, sir.

"Q. How are they regulated? A. In each of the bottoms of the legs it has adjustable screws where the speed of the ball rolling down the field can be controlled; it has four legs, two in the back and two in the front.

"Q. You spoke of the playing field, what is that playing field, Roy? A. It is a panel board that has holes set at certain places in its face and pins to guard these holes are set in front or behind them, whichever the case may be."

The burden of proof was on relators to establish the facts which entitled them to the relief prayed for. We think the record sufficiently shows that respondents were proceeding under an applicable valid statute, and upon facts which prima facie gave them this right. They did not have to show the marble machines were per se gaming tables. Being so constructed as to be capable of being operated as such, their right to proceed is absolute, if they were in fact so operated.

A court of equity has no right to inject itself into a field where exclusive and final jurisdiction has been given another and different court to finally determine whether a given state of facts constitutes a penal offense. To hold in this case that the meager facts here shown constitute no offense is plainly an invasion of the jurisdiction of the courts specially created by law to finally adjudicate and determine this very question. It would tend to "hamstring" the efforts of enforcement officers, create confusion, and might result finally in precise contradiction of opinions between the Courts of Civil Appeals and the Court of Criminal Appeals to which the Constitution has intrusted supreme and exclusive jurisdiction in criminal matters. There is a comity between the courts of Texas, long recognized, under which each recognizes as supreme the authority of the other in certain fields. See 11 Tex.Jur. p. 853, and authorities there cited.

But it is urged that relators have a property right involved which they may have protected. They can possess no property right in gambling paraphernalia. Article 634, P.C., is as follows: "The existence of any gambling house or gaming table or bank or gaming paraphernalia or device of whatever kind or character, and all equipments of such gambling house, is hereby declared to be against public policy and a public nuisance. No suit shall be brought or maintained in any court of this State for the recovery of same or for any insurance thereon, or for damages by reason of any injury to, or for the destruction of same."

In the solution of the first contention, supra, it must be kept in mind that relators are seeking in effect to have a court of equity issue an injunction against the prosecution of an alleged offense under an applicable statute, viz. article 619, P.C., based upon the proposition that a proven state of facts shows that no offense is being committed. Thus in advance of a trial on the merits before a court having exclusive jurisdiction, they desire a court in an equitable proceeding to say that certain facts do not constitute a penal offense. The mere statement of the proposition sufficiently demonstrates its unsoundness. Under the provisions of title 11, chapter 6, of the Penal Code (article 615 et seq.), full and adequate provision is made for a trial and determination of the question of whether or not the machines in question are gaming tables, or gambling devices. We refuse here in advance of such trial, as we do also in advance of a trial of the offense defined by article 619, P.C., to express any opinion on facts that would amount to a prejudgment of such cases. True, the relators in their petition and by ex parte statements in their brief allege that such will be and has been seized and at least partly destroyed without warrant of law and without any trial. The trial judge heard this issue and had before him the following evidence of the district attorney: "The only complaints filed to date by prosecuting officers in Wilbarger county have been in cases wherein the machines in question have paid to the player certain amounts of money as a result of the players' operation of such machine, and against the owner and exhibitor of those classes of marble machines on which there are different pay-offs; in other words, machines which have the possibility of paying various sums of money or no sums of money to the person playing such machine. The prosecuting officers of this county, to-wit, the defendants herein, intend to proceed against this class of machine, being the type of machine generally operated by plaintiff;

herein. It is the intention of these officers to file complaints under article 619 of the Penal Code of the state of Texas and to proceed under the provisions of chapter 6 of title 11 of the Penal Code, 1925, of the state of Texas."

The trial court was amply justified in impliedly finding the respondents intended in the future to follow the statute, though there was some evidence that the statute had not been literally followed in every case in the past.

All the above discussion is bottomed upon the hypothesis that a valid and applicable statute exists, which authorized the respondents to proceed in the manner pointed out. But even if the statute in question were void, an injunction will not be issued by a court of equity against its enforcement unless it be made to appear that property rights are involved, and there is no plain adequate and complete remedy at law. 24 Tex.Jur. p. 66; 32 C.J. p. 282 et seq.; 14 R.C.L. p. 434. Injunctions under the above rule may issue against the enforcement of unconstitutional statutes, Box v. Newsom (Tex.Civ.App.) 43 S.W.(2d) 981, 982, and also against inapplicable statutes, Wichita Falls Traction Co. v. Raley (Tex. Civ.App.) 17 S.W.(2d) 157. This is but another way of saying that as a general rule prosecution of a criminal case will not be enjoined unless it appear that the officers are acting without authority of law, so that their acts or threatened acts are those of a pure trespasser, and not then except where civil or property rights are involved, for the protection of which no full and adequate remedy at law exists.

The above statute confers a full and adequate remedy for a determination of the alleged property rights of relators. See articles 636, 637, and 638, P.C. It appears here that relators are exhibiting devices possessing the characteristics of a gaming table. Christopher v. State, 41 Tex.Cr.R. 235, 53 S.W. 852. Articles 619 and 620, P.C. A statute not only exists denouncing the keeping or exhibiting of such table for the purpose of gaming, but also one that protects such property from destruction, unless it be gambling paraphernalia. It further appears here as an issue at least that the officers of Wilbarger county are proceeding under these statutes. These are in our opinion valid statutes. We hold therefore that the trial court correctly refused to grant relators any relief.

We think it clear that article 619, P. C., has not been impliedly repealed by House Bill No. 223, Acts of the 44th Legislature, Regular Session, p. 905, c. 354. The latter was a revenue measure, authorizing the collection of a tax on the character of tables in controversy. It does not expressly repeal any gambling statute. Instead, there was inserted the following provision as section 7 thereof (Vernon's Ann. Civ.St. art. 7047a—1, § 7): "Nothing herein shall be construed to license, permit, authorize, or legalize any coin-operated vending machine the operation, display, or maintenance of which is now illegal under the Penal Code of this State, or under the Constitution of the State of Texas; however, all games of skill, taxed herein, not prohibited by the Penal Code of this State, or the Constitution of the State of Texas shall be authorized."

Originally, what is now article 619, P.C., did not contain the following clause: "Regardless of whether any of the above mentioned games, tables, banks, wheels, devices or slot machines are licensed by law or not." In its then condition, it was held that betting on a taxed and licensed gaming table was not a violation of law. Houghton v. State, 41 Tex. 136. After the addition of the above clause, the court held that a license and payment of an occupation tax constituted no defense. Blades v. State, 43 Tex.Cr.R. 409, 66 S.W. 565. See Vernon's Ann.P.C., vol. 1, p. 402, for full collation of authorities.

As fully supporting our conclusion herein, we cite the recent case of Adams et al. v. Antonio, 88 S.W.(2d) 503, by the Waco Court of Civil Appeals.

Judgment affirmed.