**HOUGHTON v. FOX, Sheriff, et al.**

No. 3295.

Court of Civil Appeals of Texas. El Paso.
April 16, 1936.

W. H. Fryer, of El Paso, for plaintiff in error.

David E. Mulcahy, J. Walker Morrow, and Ernest Guinn, all of El Paso, for defendants in error.

WALTHALL, Justice.

D. E. Houghton, as plaintiff, brought this suit against Chris P. Fox, as sheriff of El Paso county, and L. T. Robey, as chief of police of the city of El Paso, as defendants, to enjoin each of them from seizing, taking, or threatening to take into their possession and from interfering with plaintiff in his possession of certain machines called "marble machines" which were so constructed that when operated the player received nothing, or varying amounts of money, depending on the operation of said machine.

Houghton is the owner of the machines. The marble machines are more fully described in exhibits found in the record. Plaintiff Houghton claims the right to operate them in the county and city of El Paso without interference by the said officers.

Plaintiff alleged that the machines are amusement machines and when operated are games of skill in which the players may, in playing said games, obtain a score which entitles them to certain prizes, the acquisition of which depends entirely upon the player's skill and ability. Plaintiff alleged that because of seizures and threats of seizures on the part of the said officers the interference in the use of the machines will continue, and to prevent which, plaintiff prays the court to grant him a temporary restraining order to prevent such interference on the part of said officers.

The court granted the restraining order prayed for.

Defendants answered by general denial and specially by verified answer, in substance, alleged that the said marble machines constitute gambling devices, gaming tables, and gaming machines, and are susceptible of no use other than as stated, and that they are constructed primarily and principally for the purpose of gambling, in violation of the gaming laws of this state, and that for said reason plaintiff has no property rights in said machines and is not entitled to possession thereof, and that defendants as peace officers have the power and rightful authority to seize such machines when their use comes to their attention.

On special issues submitted the jury found that the tables in question were used

in a game of skill and not a game of chance; that the tables in question were not used in a game in which skill and chance are both involved; that the element of skill predominates.

The verdict was received by the court. The court overruled plaintiff's motion for judgment, and on motions entered judgment in favor of defendants, dissolved the temporary restraining order, and denied plaintiff the relief sought. The court overruled plaintiff's motion for a new trial, and plaintiff prosecutes this appeal by writ of error.

Plaintiff submits that judgment should have been entered in his favor on the finding of the jury that the machines in question were used in a game of skill and not in a game of chance; that the machines involved here are not specifically mentioned among the games inhibited by the Penal Code, and that for that reason it becomes a question of fact as to whether or not the machines constitute gaming devices.

Our Penal Code, art. 619, makes it punishable for any person, directly or through another, to keep or exhibit for the purpose of gaming, any gaming table or device for the purpose of gaming, which has no name, or whether named or not, or whether licensed by law or not. Any such table, machine, or device shall be considered as used for gaming if money or anything of value is bet thereon.

Mr. Houghton testified that he was the owner of the marble machines or tables in question. The machines were exhibited and operated at the trial before the court and jury, and at much length plaintiff and other witnesses described the machines and the manner of their use and operation, and stated that they were in stores and buildings, etc. The tables are taxed by law. Mr. Houghton testified that he had been operating the machines and at the time of trial was making his living partly by operating the tables; in placing the tables in stores and different places; they are put there on a percentage basis, the percentage is to pay for allowing the game and to allow him interest on his investment. Plaintiff stated he was in the business (of operating the tables) to make money. Plaintiff said that the game was one of skill and amusement, and to get the amusement the players placed their money in it, and by doing so they make money for plaintiff; would not say people play solely for amusement.

■ We need not describe the tables or the manner in which they are operated. The evidence clearly shows, and without conflict, that they are gaming tables and were exhibited as such, that is, they were displayed for the purpose of obtaining betters, and that money was bet thereon by the players.

■ A gaming table is not determined by its structure, but by the purpose for which it is exhibited.

Under the verbiage of the statute, it is immaterial whether the tables are licensed or not.

■ All of these machines are operated on substantially the same principle, that is, the player deposits a 5-cent coin receiving in return one or more marbles which he plays through the machine in an attempt to lodge them in payoff holes in the surface of the table. Article 620, of the Penal Code, referring to article 619, provides that it includes every species of gaming device known by the name of table or bank, and shall be construed to include any and all games which in common language are said to be played, dealt, kept, or exhibited. The aim of this statute is to prohibit all possible games that fall under the class of gaming tables and banks. Stearnes v. State, 21 Tex. 692; Christopher v. State, 41 Tex. Cr.R. 235, 53 S.W. 852. It is unnecessary to prove that money or anything of value was bet upon the game. Carroll v. State (Tex.Cr.App.) 81 S.W. 294; Brogden v. State, 47 Tex.Cr.R. 121, 80 S.W. 378.

The identical question presented here was recently before the Waco Court of Civil Appeals in the case of Adams et al. v. Antonio, 88 S.W.(2d) 503. In that case Antonio alleged that he was the owner and operator of a number of marble machines; that the machines were not gambling devices and in nowise violated the penal laws of the state, and that the sheriff and others were threatening to seize and destroy the machines. In that case Judge Alexander, speaking for the Waco Court, described the machine and its operation, in all respects similar to the case at bar. The tables were held to be gaming tables, exhibited for the purpose of gaming within the Penal Code provision.

In Roberts et al. v. Gossett et al. (Tex. Civ. App.) 88 S.W.(2d) 507, appellants were the owners of the marble machines and had placed them in operation, paid the taxes thereon and claimed that such machines

were not gaming devices, but games of skill. Appellant's suit was against the sheriff and other officers to prevent them from seizing and confiscating the machines, and instituting criminal proceedings against them in connection with the exhibition and operation of the marble tables.

Judge Martin, for the Amarillo Court of Civil Appeals, writes very fully on the law as applied to the contentions made by appellant in the case. Briefly stated, it is there held appellants can possess no property right in the gaming tables which they can have protected, the exhibition and operation of which being against public policy, and refers to article 634, and other articles of the Penal Code. The court cited, as supporting its conclusion, the case of Adams v. Antonio, supra, and a number of cases from the Court of Criminal Appeals, to which we refer without stating them here.

We concur in these holdings of the courts. The case is affirmed.