

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXX
**ATTORNEY GENERAL**

Honorable Leo Presnell
County Attorney
Upshur County
Gilmer, Texas

Opinion No. O-2032
Re: (1) Could the operator of a
penny marble machine, there
being no pay off on said
machine, it being apparently
operated for amusement only,
be in any way charged with a
violation of the Penal Code
of the State of Texas?
(2) Is there any way whereby
the operation of this type
of machine may be enjoined?

Dear Sir:

    This will acknowledge receipt of your request for our opinion in answer to the following question:

    "Could the operator of a penny marble machine, where the game of chance is eliminated, there being no payoff on said machine, and presumably such machine being operated for amusement purposes only, be in any way charged with a violation of the Penal Code of the State of Texas?"

    Your letter contains no further description of the "marble machine" than is disclosed in the above quotation from your letter. We note a statement in the final paragraph of your letter wherein you write:

    "I am also doubtful as to the operation of such machine being in violation of the law, other than such machine might be used for the placing of bets on the side. Should there be any way whereby the operation of this machine may be enjoined, I would appreciate such information and the means of procedure." (Emphasis ours)

    The statutory penal provisions relating to gaming are found in chapter 6 of Title 11 of the Penal Code. We direct your especial attention to Article 619, which reads as follows:

    "If any person shall directly, or as agent or employee for another, or through any agent or agents, keep or exhibit for the purpose of gaming, any policy game, any gaming table, bank, wheel or device of any name or description whatever, or any table, bank, wheel or device for the purpose of gaming which has no name, or any slot machine, any pigeon hole table, any jenny-lind table,

or table of any kind whatsoever, regardless of the name or whether named or not, he shall be confined in the penitentiary not less than two nor more than four years regardless of whether any of the above mentioned games, tables, banks, wheels, devices or slot machines are licensed by law or not. Any such table, bank, wheel, machine or device shall be considered as used for gaming, if money or anything of value is bet thereon."

Article 620 of the Penal Code reads as follows:

"It being intended by the foregoing articles to include every species of gaming device known by the name of table or bank, of every kind whatever, this provision shall be construed to include any and all games which in common language are said to be played, dealt, kept or exhibited."

In the notes to Article 619, Vernon's Annotated Penal Code, it is said that the essential elements of a gaming table or bank are as follows: It is a game, it has a keeper, dealer or exhibitor; it is based on the principle of the one against the many, the keeper, dealer or exhibitor against the bettors, directly or indirectly; and must be exhibited, that is, displayed for the purpose of obtaining bettors. Stearnes v. State, 21 Tex. 692; Lyle v. State, 30 Tex. Cr. R. 118, 16 S. W. 765; Averheart v. State, 30 Tex. Cr. R. 651, 18 S. W. 416; Bell v. State, 32 Tex. Cr. R. 187, 22 S. W. 687; Shaw v. State, 35 Tex. Cr. R. 394, 33 S. W. 1078.

We quote from the case of Stearnes v. State, supra, as follows:

"Any change, cover, disguise, or subterfuge in any such ingredients, or in relation to the structure upon which the game is exhibited, or the instruments by which the result is developed, for the purpose of evasion, will not change the character of the game. It is difficult to imagine any species of table or bank, or gaming device resembling either, that is kept for gaming, that would not be included in the clauses of the Code."

It matters not how the table or bank is constructed or operated if it is kept or exhibited for gaming purposes. Doyle v. State, 19 Tex. Cr. R. 410. Whether or not the table was designed for gaming purposes is immaterial--it is the game or character of play on it that determines its status. Estes v. State, 10 T. 300; Chappell v. State, 27 Tex. Cr. R. 310, 11 S. W. 411.

From your letter, we conceive the marble machine mentioned by you to be similar to the ones condemned by the relatively recent cases of Adams v. Antonio, (Civ. App.) 88 S. W. (2d) 503, Roberts v. Gossett, (Civ. App.) 88 S. W. (2d) 507, and Houston v. Fox, (Civ. App.) 93 S. W. (2d) 781. However, in each of the three cases mentioned, it

appears the machines were of the "pay off" variety. Such a machine has been held to be no less a gambling device if the operator pays the winner rather than the machine itself.

The Courts have recognized two kinds of gaming devices, as shown by the following quotation from the case of Mills v. Browning, (Civ. App.) 59 S. W. (2d) 219:

"A gaming device may be (a) one which is made primarily and principally for gambling, e. g., a roulette wheel, and, this primary and principal purpose being established, no further proof of its actual use is required; or (b) it may be a device which is useful for service to law-abiding society, in which event the article itself must be shown to be actually used in gambling to constitute it condemnable. * * * These definitions are of long standing, and since their announcement, the ingenuity of some types of our citizens has devoted itself to an effort to make the former which would to a judge or jury appear to be the latter, and the law reports abound with the descriptions of them."

If a machine is a gambling device per se, it is not essential that the state prove that money or anything of value was bet upon the game. Houghton v. Fox, supra; Carroll v. State, 81 S. W. 294; Brogden v. State, 47 Tex. Cr. R. 121, 80 S. W. 378. If not such a device per se, its use for gambling must be proven. Mills v. Browning, supra.

It appears from your letter that the machine comes within the latter classification, and proof of the machine being used for gambling will be essential to render it subject to seizure by the officers and condemnation in accordance with the provisions of Articles 636 to 638, Penal Code, inclusive.

It would also naturally follow that upon such proof a prosecution would lie under the provisions of Article 619, Penal Code, supra; but we also direct your attention to Articles 624, 625, 627, 628 and 630 of the Penal Code. Without copying the articles here, we submit any one of them might be the basis of a successful prosecution if the facts should disclose gambling on the marble machine in question. In our opinion such procedure would be preferable to Art. 654, Penal Code, set out by you, which condemns a lottery.

If such machine should be determined to be either a gaming device per se, or so used as to make it one, under a sufficient showing of facts, an injunction would lie to abate the nuisance. The law applicable to such a situation is fully discussed and the procedure outlined in 20 Tex.Jur. 675, Sections 56 to 58, inclusive, and Art. 4667, Vernon's Annotated Civil Statutes, and cases there cited.

Trusting the above answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS


By /s/ Benjamin Woodall
Benjamin Woodall
Assistant

BW:jm:lm


APPROVED MAR 15, 1940

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE

BY /s/ BWB
CHAIRMAN