PETITION OF SALEN: SALEN, Petitioner, vs. THE STATE, Respondent.*

*May 8—June 6, 1939.*

---

\* A motion for a rehearing was denied, with $25 costs, on September 12, 1939.

*Lawrence J. Brody* of La Crosse and *Edward J. Gehl* of Hartford, for the petitioner.

For the respondent there was a brief by *Scott Lowry,* district attorney of Waukesha county, *Roland Steinle* and *Winfred C. Zabel,* assistant district attorneys, and oral argument by *Mr. Zabel* and *Mr. Steinle.*

FAIRCHILD, J. This is an original proceeding in this court. By stipulation of counsel the application for leave to file a petition for an alternative writ of prohibition is to be re-

garded as the petition. The state demurs to the application. The petitioner contends that he has been deprived of statutory and constitutional rights because no women were chosen to serve upon the grand jury which returned an indictment against him. He relies particularly upon cases in which convictions were reversed because members of a particular race were excluded from jury service. *Norris v. Alabama* (1935), 294 U. S. 587, 55 Sup. Ct. 579, 79 L. Ed. 1074.

The petitioner makes no showing that he has been treated unfairly or that he was prejudiced in any way. The rule in this state is that irregularities in the selection of jurymen are to be disregarded unless it appears probable that the person seeking to take advantage thereof has been prejudiced thereby. *Ullman v. State* (1905), 124 Wis. 602, 609, 103 N. W. 6. "He who seeks to overturn judicial action or to quash an indictment against him must go farther than merely to show that error has been committed. He must establish the fact that such error has prejudiced him by affecting his substantial rights." *State v. Wescott* (1927), 194 Wis. 410, 413, 217 N. W. 283.

Sec. 255.13, Stats., provides that the commissioners shall select names from the electors of the county who possess the necessary legal qualifications set forth in sec. 255.01. Sec. 6.015 (1) provides that women shall have the same rights and privileges under the law as men in the exercise of suffrage and with respect to jury service. It is the duty of the commissioners to exercise discretion and impartiality in selecting names for the grand-jury list, and since there is no requirement that the names listed shall be those of male persons, it is improper and irregular for the commissioners to consider sex in making their selection. But it does not follow that if the commissioners do consider the sex of the persons whom they include in their list, a grand jury selected from the list is not a legal jury. Neither in the statutes nor in the constitution is there any requirement that both men

and women shall serve on grand juries.· Sec. 6.015 (2) provides that any woman drawn for jury service shall upon request be excused, so that it might be difficult or impossible to secure women jurors in a particular case. The provisions of our constitution with respect to the right of jury trial and the rights of persons accused of crimes do not give the defendant any right to complain of the proceedings here involved, secs. 5 and 7, art. I, Wis. Const.

In *Norris v. Alabama, supra,* a conviction was reversed because members of the defendant's race had been arbitrarily and systematically excluded from jury service. In that case the likelihood of injustice was palpable. Not so here. While it is possible to conceive of circumstances under which the exclusion of women might give rise to an inference of unfairness, no such circumstances are present in this case. We therefore conclude that the demurrer must be sustained.

*By the Court.*—Writ denied.