STATE OF DELAWARE V. IRA F. JONES, JR., FRANCIS J. MAGUIRE and FRANCIS J. CURRAN.

(*December 23, 1947.*)

RICHARDS, C. J., TERRY and CAREY, J. J., sitting.

*C. Edward Duffy, Vincent A. Theisen* and *Joseph H. Flanzer,* Deputies Attorney-General, for the State.

*H. Albert Young* for the defendant, Ira F. Jones, Jr.; *David J. Reinhardt, Jr.,* for the defendant, Francis J. Maguire; *Leonard G. Hagner* for the defendant, Francis J. Curran.

Court of Oyer and Terminer for New Castle County, No. 47, November Term, 1947.

RICHARDS, C. J.:

Since the adoption of the Nineteenth Amendment to the Constitution of the United States granting the right of franchise to women, the question of their eligibility for jury duty has arisen a number of times in both the Federal and State Courts. It has been recently considered by the Supreme Court of the United States in two very interesting and able decisions. *Ballard et al. v. United States*, 329 *U. S.* 187, 67 *S. Ct.* 261; *Fay v. People of State of New York*, 332 *U. S.* 261, 67 *S. Ct.* 1613.

The qualifications for both grand and petit jurors in the Federal Courts have been fixed by Congress as the same as those required by the highest court of law in the state in which the Federal Court is sitting.

It has provided that citizens shall not be disqualified from jury service "on account of race, color, or previous condition of servitude," that they shall be chosen "without reference to party affiliations," that they shall be returned from such parts of the district as the court may direct "so as to be most favorable to an impartial trial, and so as not to incur an unnecessary expense, or unduly burden the citizens of any part of the district." [28 *U.S.C.A.* §§ 415, 412, 413.] It should be noted that these regulations have no bearing upon the question of sex.

In *Glasser v. United States*, 315 *U. S.* 60, 62 *S. Ct.* 457, 472, 87 *L. Ed.* 680, it was said that "the proper functioning of the jury system, and, indeed, our democracy itself, requires that the jury be a 'body truly representative of the community'."

In *United States v. Roemig*, (*D.C.*) 52 *F. Supp.* 857, 862, in speaking of exclusion of women from jury panels, the Court said "such action is operative to destroy the basic democracy and classlessness of jury personnel." It "does

not accord to the defendant the type of jury to which the law entitles him."

In the case of *Ballard v. United States, supra,* [329 U. S. 187, 67 S. Ct. 265], the Court said "the injury is not limited to the defendant—there is injury to the jury system, to the law as an institution, to the community at large, and to the democratic ideal reflected in the processes of our courts."

In the case of *Fay v. People of the State of New York, supra* [332 U. S. 261, 67 S. Ct. 1628], it was said "the contention that women should be on the jury is not based on the Constitution, it is based on a changing view of the rights and responsibilities of women in our public life, which has progressed in all phases of life, including jury duty, but has achieved constitutional compulsion on the states only in the grant of the franchise by the Nineteenth Amendment. We may insist on their inclusion on federal juries where by state law they are eligible but women jury service has not so become a part of the textual or customary law of the land that one convicted of crime must be set free by this Court if his state has lagged behind what we personally may regard as the most desirable practice in recognizing the rights and obligations of womenhood."

As we understand these cases, however, the primary question before the Court was the regulation of juries in the federal courts. In *Fay v. People of State of New York, supra,* the Court further said "over federal proceedings we may exert a supervisory power with greater freedom to reflect our notions of good policy than we may constitutionally exert over proceedings in state courts, and these expressions of policy are not necessarily embodied in the concept of due process."

Admitting that the qualifications for jury duty in

the Federal Courts are the same as those fixed by the highest court of law in the state, yet the method of selecting the jury by the state and the qualifications which it requires of its jurors is left entirely to the State Legislature. For this reason we do not think that the action of the Jury Commissioners in failing to place any women on the jury panel from which the Grand Jury for New Castle County for the year 1947 was drawn, presents a question of due process under the Fourteenth Amendment of the Federal Constitution.

Our State Constitution at Section 4 of Article 1 provides "trial by jury shall be as heretofore." Section 7 of Article 1 provides "in all criminal prosecutions, the accused hath a right to be heard by himself and his counsel * * * and a speedy and public trial by an impartial jury; he shall not be compelled to give evidence against himself, nor shall he be deprived of life, liberty or property, unless by the judgment of his peers or by the law of the land."

In *State v. McCarthy*, 76 *N.J.L.* 295, 69 *A.* 1075, where similar constitutional provisions were being considered, it was said that such constitutional guaranty as to the right to trial by jury meant a trial by jury at common law. In Blackstone's Commentaries we find that a common law jury consisted of "twelve free and lawful men." 3 Blackstone's Com. 352. The same author states that women could not serve as jurors at common law except upon a jury to try an issue under a writ of de ventre inspiciendo. 3 Blackstone's Com. 362.

Chapter 131 of the Revised Code of 1935, at Paragraph 4721, Section 1, contains this provision "all persons qualified to vote at the general election shall be liable to serve as jurors."

It is contended on behalf of defendants that the Jury Commissioners in selecting the jury panel from which the

Grand Jury for New Castle County for the year 1947 was drawn, and in selecting said Grand Jury for New Castle County for the year 1947 intentionally and arbitrarily excluded women from said jury panel from which said Grand Jury was selected, and that this action by the Jury Commissioners was not only in violation of the due process clause of the Fourteenth Amendment of the Federal Constitution, but also a violation of the Constitution of this State and Paragraph 4721, Section 1, of the Revised Code of this State of 1935.

The Jury Commissioners were called upon to testify why they had not placed women on the jury panels from which the Grand and Petit Juries for New Castle County were drawn. One of them testified that in selecting persons for the jury panels from which the jurors were drawn he had always selected persons who in his judgment were most suitable and qualified for that purpose. The testimony of the other Commissioner was practically to the same effect, except that he added that he had not selected women because he thought that proper accommodations were not provided for them at the Court House which would make it embarrassing for them to serve as jurors. Each of said Commissioners testified that they had no personal objection to women as jurors, and had no other reasons for not including them on the jury panels than those already stated.

There is no doubt that since the adoption of the Nineteenth Amendment to the Federal Constitution granting the right of franchise to women, and the enactment of the statute by the Legislature of this State making all persons qualified to vote at the general election liable to serve as jurors, that women have been eligible for jury duty and could have been drawn by the Jury Commissioners for that purpose at any term of Court. Under the provisions of a statute passed in 1923, being Chapter 237 of

Volume 33, Laws of Delaware, women were entitled to be excused from service upon either the Grand or Petit Jury upon request without any reason being given therefor, which may have been partly responsible for the failure of the Jury Commissioners to place them on the jury panel. This act excusing women from jury duty upon request was repealed by the Legislature in 1945, 45 *Del. Laws*, c. 253, and they are now liable for jury duty to the same extent that men are and are required to have a substantial reason if they desire to be excused.

Paragraph 4724, Section 4, of the Code of 1935, provides that the Jury Commissioners for each county shall, in the month of December of each year, "select, from the citizens of each County who are liable to serve as jurors * * * in such proportion from each Representative District of the County as may be deemed proper, the names of fifty sober and judicious persons to serve (if summoned) as grand jurors;" and at any time when it shall be their duty to draw the names of persons to serve as petit jurors, to "select from the citizens of each County who are liable to serve as jurors, as aforesaid, in such proportion for each Representative District of the County as may be deemed proper, the names of one hundred and fifty other sober and judicious persons to serve (if summoned) as petit jurors." This statute gives the Jury Commissioners much discretion in determining who shall be selected for jury service.

There is nothing in the Federal Constitution, our State Constitution, or the statutes of this State which in so many words require the jury Commissioners to select women for jury duty. A person accused of a crime or misdemeanor is not entitled to have the offense with which he is charged heard and passed upon by a Grand Jury composed of any particular group or class of people, or any particular race or sex.

The provisions of many states with respect to the eligibility of women for jury duty are similar to those which exist in this State and it is only of comparatively recent years that they have been serving in that capacity. So Delaware is not the only state which, to use the words of Mr. Justice Jackson in *Fay v. People of the State of New York, supra,* has "lagged behind" in recognizing the rights and obligations of women.

The statute provides that the jurors shall be selected from the citizens of the County who are liable to serve as jurors, which includes all persons liable to vote at the next general election, and this embraces women as well as men.

We think that the Jury Commissioners should continue to exercise their discretion and in selecting the persons to be placed upon the jury panels from which the Grand and Petit jurors are drawn, should endeavor at all times to select persons who are suited and qualified for that purpose.

In view of the great change which has taken place in the activities of women in public life in this State as well as everywhere else, we think that the Jury Commissioners should not only recognize that they are liable to serve as jurors but should include them at all times on the jury panels from which the jurors are drawn for both grand and petit juries, in order that said juries may be truly representative of every class of citizens of the district or territory from which they are drawn.

The defendants in this case being all men, they are not members of the class which they claim were discriminated against, namely women, by the Jury Commissioners in selecting the persons to be placed upon the jury panel for Grand Jurors for New Castle County for the year 1947 and from which the Grand Jury by which the indictment against them was found was drawn, there-

fore we fail to see how they have been prejudiced by said action of the Jury Commissioners or should be allowed to take advantage thereof.

In the case of *Fay v. People of the State of New York, supra,* it was said "this Court, however, has never entertained a defendant's objections to exclusion from the jury except when he was a member of the excluded class." *State v. James,* 96 *N.J.L.* 132, 114 *A.* 553, 16 *A.L.R.* 1141; *Salen v. State,* 231 *Wis.* 489, 286 *N. W.* 5; *Commonwealth v. Duca,* 312 *Pa.* 101, 165 *A.* 825; *McKinney v. State,* 3 *Wyo.* 719, 30 *P.* 293, 16 *L.R.A.* 710; *Harraway v. State,* 203 *Ark.* 912, 159 *S. W.* 2d 733; *Rawlins v. State of Georgia,* 201 *U. S.* 638, 26 *S. Ct.* 560, 50 *L. Ed.* 899, 5 *Ann. Cas.* 783.

The motion to quash the indictment is denied.